In the Matter of HARRY S. KIEVAL, Appellant, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, et al., Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Education. Petitioner was an instructor at Brooklyn College, which is administered by the board of higher education of the City of New York. On October 25, 1951, he handed a written letter of resignation to the president of the college. The next day, thinking better of his resignation, he attempted to withdraw it by personal application and a few days later he addressed to the college president a formal written withdrawal of the resignation and a request it be not reported to the board. The president advised petitioner that the resignation would nevertheless be reported to the board and it was so reported in due course. The resignation was noted on the board's minutes and petitioner and his counsel were denied access to the meeting which noted and thus is deemed to have approved the resignation which had been accepted by the president. We think that the president had the power to accept petitioner's resignation and, by acceptance, place it beyond the legal election of the petitioner thereafter to withdraw it. The by-laws of the board delegated to the president certain administrative functions between meetings of the board. He could fill temporary vacancies in the instructional staff of a grade to which petitioner's position belonged and make "such administrative arrangements" as "cannot well await" the action of the board. The acceptance of a resignation effective at once is within the frame of such a delegation. It is an "administrative arrangement" readily to be integrated with the operation of a college while the administrative board is not in session and to be grouped with filling temporary vacancies arising between meetings. When an employee submits to an officer having power to "make" such "administrative arrangements" as would usually arise in the due course of business, a resignation absolute in terms and effective at once, we see no need to construe the authority of the officer to accept the resignation as being suspended until the board meets some time later. In the nature of things an unqualified resignation needs administrative action at once and its acceptance is to be deemed an administrative act sufficiently delegated in this case to the president of the college. Even if strong legal argument might be made against the existence of such a delegation of power, we

would regard the petitioner, who elected to resort to the appellate powers of the State Commissioner of Education to review his case, as bound on this record by the commissioner's determination on a question of law adverse to his contention. (Education Law, § 310.) Order at Special Term dismissing the petition unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.