Herbert D. Hamm, J.
This is a proceeding under article 78 of the Civil Practice Act. The petitioner, a public school teacher of elementary subjects, was a candidate for junior principal in elementary schools. She received a passing grade in the supervision test and written tests. An interview test was also required. This test was conducted orally by two school principals and a teacher. The petitioner was examined in the interview test and thereafter was advised that she had failed. She promptly filed a notice of appeal with the respondent Board of Examiners. The by-laws of the respondent board provided (§ 12, subd. 13): “A continued test or supplementary test shall be regarded as a continuation or an extension of the original personal test, and the original test and the continued or supplementary tests shall together be considered to be one test. At the conclusion of a continued or supplementary test, the rating recommended by the examiner conducting or supervising said test shall be in terms of the applicant’s performance in the entire test.”
*254 After filing her appeal the petitioner was notified that she had been granted a so-called continued test and that consideration of her appeal had been deferred pending the result of that supplementary test. Again the petitioner failed to receive a passing grade on the two tests combined. She did not appeal from the second failure. However, her appeal filed after the first examination, which had been suspended pending the outcome of the continued test, was reinstated and thereafter dismissed.
The petitioner first complains of the dismissal of her appeal from the first examination. Her appeal was in the form of a letter and the pertinent portions of the appeal, as admitted in the respondent board’s answer, were these:
“ The following took place: I was sent into the examination room where were seated two women and one man. The examiners told me to be seated and when I sat down at the desk, the man arose and said, ‘ I don’t think I can examine this lady. I think I know her. You go to N. Y. U. Don’t you? I did not recognize the man as any one I was acquainted with. However, I did answer him politely that I was working at New York University toward my Doctorate Degree. He then called the proctor and left the room with my papers. Following this, in about five minutes a woman hurried in and found that the paper had been taken by the man examiner wherefore she had to send for same. This kept me waiting a little longer, with remarks from the other female examiner, ‘ Don’t get excited — don’t get upset — now don’t get excited — don’t get upset — now don’t get excited — we’ll get it straightened out soon — don’t get excited. ’
‘ ‘ All this confusion that resulted from the above-mentioned incident psychologically affected the rendering and submitting of the examination. I believe that this situation couldn’t help but interfere with the thought processes, orderliness and presentation of the material. I didn’t at the time ask for a postponement of the examination because I wasn’t emotionally disturbed but if I had asked for same, it might have avoided this prejudicial situation.”
It was within the scope of the Commissioner’s discretion to determine that the delay and the remarks of the examiner as alleged were insufficient to justify setting aside the result of the examination. The facts alleged are not such that assumption of their verity would leave no rational basis for the Commissioner’s decision. The determinations of the Commissioner may not be disturbed unless they are purely arbitrary (Matter of Board of Educ. v. Allen, 6 N Y 2d 127). As Mr. Justice Halpebn stated (Matter of O’Brien v. Commissioner of Educ., 3 A D 2d *255 321, 325, appeal dismissed 4 N Y 2d 140): “ In an appropriate case, in a proceeding in the nature of mandamus, the court may direct a hearing to be held (Civ. Prac. Act, § 1295; Matter of Arcuri v. Macduff, 286 App. Div. 17, and the cases there cited). However, in order to be entitled to a hearing, the petitioner must demonstrate that there is a triable issue of fact, the resolution of which in his favor would leave no rational basis for the administrative decision. This the petitioners failed to do in this case.”
In his decision the Commissioner declined jurisdiction of ‘ ‘ the results of the continued interview tests ” as no appeal had been filed with the board, stating that the petitioner’s administrative remedy had not been exhausted. The petitioner complains that the Commissioner was in error in deciding that the petitioner’s appeal filed prior to the supplementary test and after the original test was not from a combination of the original and supplementary tests together considered as one test. She relies on the board’s by-law previously quoted (§ 12, subd. 13, supra). On this issue, at most no more than debatable, it cannot be said that the Commissioner’s conclusion was arbitrary. In Matter of Kieval v. Wilson (285 App. Div. 1203, 1204, appeal dismissed 1 N Y 2d 663, the Appellate Division of this department had occasion to state: ‘ ‘ Even if strong legal argument might be made * * * we would regard the petitioner, who elected to resort to the appellate powers of the State Commissioner of Education to review his case, as bound on this record by the commissioner’s determination on a question of law adverse to his contention. (Education Law, § 310.) ” Matter of Grossman (72 N. Y. St. Dept. Rep. 60) is inapposite as the appeal there included the “ continued test ”.
One further circumstance may be worthy of comment. The Commissioner’s decision states: “When notified of the second failure, respondent advised appellant that, within six weeks, she could ask about the reasons for her failure in the continued interview test, that she could also file an appeal to respondent from said test, and, in addition, could request re-instatement of her appeal from the first interview test.” However, the notice received by the petitioner after her second failure stated as follows:
“ You will have six weeks exclusive of vacation periods for inquiring about the reasons for your failure in the continued interview test or for filing an appeal on this test.
‘1 In addition, if you filed an appeal following your failure in the original interview test, you may request in writing within the six-week period indicated above that your appeal, considera *256 tion of which was suspended following the decision of the Commissioner of Education in the Matter of McAuliffe et al, be now reinstated.”
The notice was in the disjunctive but the Commissioner’s inadvertent statement was no doubt due to the petitioner’s failure to complain to him that she was misled by the notification. On the contrary she failed to raise this issue on her appeal. She stated somewhat inaccurately in her petition to the Commissioner:
‘ ‘ 20. Said notice of December 10, 1956 stated that during the six week period from January 7, 1957 to February 18, 1957, the petitioner could inquire about the reasons for her failure in the continued interview test. The notice further stated:
“ 4 In addition, if you filed an appeal following your failure in the original interview test, you may request in writing within the six-week period indicated above that your appeal, consideration of,which was suspended following the decision of the Commissioner of Education in the Matter of McAuliffe et al, be now reinstated. ’ ”
Reference to the alternative nature of the notification was wholly omitted by the petitioner and no claim was made to the Commissioner that she had been caused to err. I cannot find the Commissioner to be arbitrary in not passing on an issue as to which no claim was made on appeal. And, as a matter of fact, the petitioner here asserts unequivocally that her first notice of appeal was at all times adequate as to both the first examination and the continued examination.
The petition is dismissed on the merits. Submit order on notice. The petition, answers, reply, affidavits and exhibits will be forwarded with the signed order.