Joseph Liff, J.
The petitioner applies for an order directing the respondent Board of Education to reinstate the petitioner as a teacher for the third grade and directing the board to make the payments which would be due to her pursuant to the terms of her employment.
Her application is in the nature of a mandamus and in order to succeed she must show that the respondents has failed to perform a duty which it was required to do under law. The petitioner has failed to do so.
In June of 1962, the petitioner was engaged as a teacher of the third grade for the school year 1962-1963. In that capacity she was serving for a probationary period. On or about March 4, 1963, the petitioner was advised by a letter from the Acting Superintendent of Schools that her services would not be continued after June 30, 1963. On March 22 of this year she tendered her resignation. On March 26, 1963 a teacher was engaged to fill the vacancy created by the petitioner’s resignation and the parents of the children in her class were advised of that fact. On the evening of that date the Acting Superintendent of Schools, at a meeting of the board sitting as a committee of the whole in consultation with its architect, advised the board of the petitioner’s resignation. The members of the board indicated their acceptance of the resignation and approved of the Superintendent’s act in engaging another teacher to replace the petitioner. On March 27 the petitioner attempted to withdraw her resignation and to report for work on the following day. By a letter from the Acting Superintendent of Schools dated March 29, she was advised that her resignation had been accepted and her services terminated as of March 31. On April *510 1, 1963, at a regular meeting and on the recommendation of the Acting Superintendent, the board took formal action on the resignation of thé petitioner and her replacement by the teacher who had already been engaged.
The services of a person appointed for a probationary period may be discontinued at any time on the recommendation of the Superintendent of Schools by a majority vote of the Board of Education (Education Law, § 3012, subd. 1). Although a teacher may be subject to a severe penalty for not completing an agreement to teach without good reason (Education Law, § 3019) and is required toi give at least 30 days’ prior notice of her intention to terminate her services (Education Law, § 3019-a), both these provisions (§§ 3019 and 319-a) were enacted in the interest of the pupils who were her charges and there would appear to be no reason why the board could not waive the requirements of section 3019-a. The Commissioner of Education has held that even where a teacher is on tenure, and the resignation would not be effective until accepted by the board because of the professional obligation' of the teacher to her pupils, the resignation would be effective where the board clearly indicated its acceptance thereof though no formal action had been taken (Matter of Bonawitz, 73 N. Y. St. Dept. Rep. [Educ. Dept.], 1952, 61; see, also, Matter of Kieval, 74 N. Y. St. Dept. Rep. [Educ. Dept.], 1953, 60; 285 App. Div. 1203).
Here, the board had quite clearly indicated its acceptance of the teacher’s resignation and immediately took steps to replace her and engaged 'the services of another teacher.
The court finds that the resignation was accepted and that the teacher could not withdraw the same. Accordingly, the application is denied and the petition dismissed.