James R. Caruso, J.
The above-entitled article 78 proceeding was instituted by petitioner, a tenured teacher, to annul and vacate the determination of the respondents terminating his services with the respondent school district and refusing to reinstate him and for related relief.
The basis for said petitioner’s proceeding is that said determination was illegal, arbitrary and capricious.
The respondents filed their answer generally denying the allegations of the petition and set forth an affirmative defense praying for a dismissal of the proceeding for failure on the part of the petitioner to initiate the proceeding within the time prescribed by statute.
This court by decision dated June 13, 1975, at Special Term, determined that issues existed which precluded a determination upon the bare pleadings and argument and directed a trial. (CPLR 3212, subd [c]; 7803, subd 3; Intercontinental Fur Corp. v Goldstone, 30 AD2d 653; Greenberg v Bar Steel Constr. Corp., 22 NY2d 210.)
The trial of the issues was held before this court without a jury as an equity cause. The parties were represented by able and capable attorneys and their testimony as well as of their respective witnesses was heard and numerous exhibits offered and received into evidence on their behalf. Excellent posttrial *663 briefs were filed by both counsel and have been extremely helpful to the court.
After a careful review of the testimony, as kept by the court, and after consideration of the exhibits, the following material facts emerge:
The petitioner, a tenured mathematics teacher in the respondent school district, on December 8, 1972, submitted a written letter as follows:
"Dear Dr. Jenkins:
This letter is to inform you officially of my intent to retire from teaching at the end of the first semester of the school year 1974-75. [Emphasis added.]
Very truly yours Ralph Sherman”.
The testimony indicates that petitioner’s intent to leave the system two years hence was to engage in some outside business or venture and to take advantage of the "two year” increment payments in addition to his regular salary as provided for in the bargaining agreement then in force between the respondent school district and the teachers’ association. It was later revealed that this provision applied only to "retirement” (Education Law, § 510) and not "termination of service” (Education Law, § 3019-a). The petitioner thereafter continued teaching and received his regular salary and additional increment.
On January 22, 1974, the respondents circulated to all teachers a written request to be completed as to any possible vacancies that might occur during 1974-1975 school term. The petitioner, in keeping with his intent to leave the system, answered by applying a cross mark to the statement: "I plan to teach in H. H. H. S. next year untill [sic] Jan. of 1975”; and signed and returned the request.
On March 25, 1974, the respondent board sent a written memoranda to all teachers (including petitioner) indicating a "follow up” survey listing existing vacancies (among which was listed Hendrick Hudson High School English-Math). The notice contained this significant language: "Regardless of the listed vacancies you are urged to indicate any change you may desire in the future since this notice is the last formal survey to be taken.”
It was stated that said form containing area for "comments” *664 was to be returned to the district office by Friday, April 5, 1974.
The respondent board receiving no written reply to the aforesaid notices on June 26, 1974 (a regular stated board meeting) made the following appointment: “Marcia B. Bailey —Secondary Mathematics at Hendrick Hudson High School, effective September 1, 1974, as follows: September 1, 1974, through January 31, 1975, permanent substitute at daily rate, February 1, 1975 (replacement for Ralph Sherman (probationary) B. A. Step 1, 1974-75 salary schedule” and at the same meeting, accepted the notice of termination of the petitioner as follows: “Ralph Sherman, Secondary Mathematics, Hendrick Hudson High School, effective February 1, 1975.”
On July 3, 1974, the petitioner forwarded the following letter to respondent Jenkins by registered mail, to wit:
"Dear Dr. Jenkins:
Please accept this letter as officially rescinding my intent to retire from teaching as of January 1975. [Emphasis added.]
Respectfully submitted,
Ralph Sherman”.
On July 10, 1974, the respondent board replied by written letter, a portion of which follows: “It is the intention of the Board of Education to proceed in accordance with the acceptance of your retirement effective February 1, 1975, and your request to rescind your retirement is hereby denied.”
Thereafter by letter dated August 5, 1974, the petitioner returned the amounts received as "increments” and stated he did not desire any further payment thereof and requested reconsideration of the board’s action taken at its meeting of June 26, 1974.
The respondent board by letter dated August 27, 1974, returned the checks sent by petitioner and denied receipt of any written notice of any change of petitioner’s plans after the initial letter of December, 1972, and reaffirmed its action taken in accepting petitioner’s resignation.
Petitioner thereafter initiated the within article 78 proceeding but continued in the school system until February 1, 1975.
At the outset, the court finds that the respondents have not sustained their affirmative defense to dismiss the proceeding for failure to institute the same within the time allowed by statute. Accordingly, said affirmative defense is in all respects dismissed, without costs.
*665 The petitioner selected the form of proceeding sought to protect his legal rights. In selecting an article 78 proceeding, the criterion of review by the court is limited to whether upon the entire record the respondents made their determination arbitrarily, capriciously, unreasonably or without any rational basis. (William H. Van Vleck, Inc. v Klein, 49 Misc 2d 240.)
Considering the responsibilities and legal limitations inherent in respondents’ powers and duties, it cannot be said upon the record developed herein that respondents’ determination was illegal, arbitrary or capricious or that they abused any discretion vested in them.
It is well settled under such circumstances that the court will not substitute its judgment for that of the respondents. (Matter of Walker v Murphy, 15 NY2d 650; Matter of Payton v New York City Tr. Auth., 8 NY2d 737; Matter of Diocese of Rochester v Planning Bd. of Town of Brighton, 1 NY2d 508.)
There was substantial evidence in the record to fully justify and support the action taken by the respondents. (Matter of Colton v Berman, 21 NY2d 322.)
Shorn of all the irrelevancies raised by the petitioner and simply stated, there was presented herein a "resignation” or "notice to terminate services” made by the petitioner, to be effective February 1, 1975.
Petitioner attempts to classify this as a "retirement notice.” This is rejected by the court as it was by the respondents. The petitioner knew or should know that at his age (he was admittedly under 60 years of age) and having not served for a period of 25 years, that he was not eligible for retirement (with its pension benefits). Furthermore, such a notice (even if he qualified) would have been served upon the "Retirement Board” (not the school board) not less than 30 days nor more than 60 days prior to date of retirement. (Education Law, § 510.)
The evidence was clear that petitioner on December 8, 1972, wanted to give up teaching for a more enjoyable and fruitful occupation. This was his choice and no one can criticize him for that.
Accordingly, petitioner gave written notice to the respondents to terminate his employment as of February 1, 1975, in accordance with section 3019-a of the Education Law. This section was enacted to protect both teachers and boards of *666 education and requires a written notice at least 30 days prior to the termination of services, served by either party.
The court finds upon the entire record herein that the petitioner, a tenured teacher, by his written letter of December 8, 1972 intended to "resign” and to terminate his service as a teacher at the end of the first semester of the school year 1974-1975.
The court further finds that such resignation was not effective until accepted by the school board (Education Law, § 3019-a). As a matter of fact, until accepted petitioner could not leave the school system and would be subject to revocation of his teacher’s certification.
The court further finds that petitioner never served any written notice withdrawing his resignation prior to the acceptance thereof by the school board.
It is well-settled law that once the resignation was accepted by the school board the petitioner may not withdraw the same. (Matter of Lawrence, 6 Ed Dept Rep 119; Opns of Comr of Educ, 22 NY St Dept Rep 315; 27 NY St Dept Rep 346; 49 NY St Dept Rep 75; 73 NY St Dept Rep 61; Matter of Zarada v Board of Educ., 42 Misc 2d 509.)
It is to be noted that all of the above-cited cases were decisions of the Commissioner of Education in appeals brought by teachers to test the validity of a withdrawal of resignation after acceptance by the school board. Generally such appeals in the form of an article 78 proceeding, are taken to the Commissioner of Education rather than to the Supreme Court, although both have equal and concurrent jurisdiction over such a matter.
Our State courts have, however, taken the same position with regard to an "accepted resignation.” In Matter of Kieval (285 App Div 1203) an appeal was filed by a teacher from an order of the State Commissioner of Education determining that the teacher had no right to withdraw a resignation after acceptance by the college president. Under the administrative rules such acceptance had to be approved by the city board. In this case the resignation was in writing and addressed to the president of the college on October 25, 1951. The next day, the teacher personally applied to the president to withdraw it and a few days later followed with a formal letter of withdrawal requesting "that it be not reported to the Board.” Notwithstanding such request, the president reported his acceptance of it to the board which approved such action on his part. This *667 was held to be a valid "acceptance” of the resignation. Our appellate court in its decision denying the appeal stated the following significant language (pp 1203-1204): "In the nature of things an unqualified resignation needs administrative action at once and its acceptance is to be deemed an administrative act sufficiently delegated in this case to the president of the college. Even if strong legal argument might be made against the existence of such a delegation of power, we would regard the petitioner, who elected to resort to the appellate powers of the State Commissioner of Education to review his case, as bound on this record by the commissioner’s determination on a question of law adverse to his contention.”
The school board may, however, in its discretion in a proper case even after acceptance, permit a re-entry of the teacher into the school service. This has been upheld as a voluntary act of the body having the power of appointment in the first instance. (Matter of Kieval, 74 NY St Dept Rep 60; Matter of Doering v Hinricks, 289 NY 29; Matter of Scheffel, 64 NY St Dept Rep 108; Matter of Walters, 64 NY St Dept Rep 252; Matter of Zarada, 42 Misc 2d 509, supra.)
The petitioner’s contention that he in effect has been dismissed without a hearing is overruled. The credible evidence is to the contrary. The petitioner freely and voluntarily terminated his employment with the respondent by his own act in offering a resignation. He has no one to blame for the predicament he finds himself in. The petitioner should not be permitted to rescind his own agreement especially after the respondents have altered their position by obtaining a replacement after much screening and effort of suitable candidates. (Matter of Zarada, supra.)
The petitioner’s citations of authorities in support of his position have been carefully examined and found inapplicable and not binding upon the facts disclosed herein.
The fact that the respondents in another case permitted the withdrawal of a resignation cannot serve to fortify petitioner’s contention. In that case, no replacement of a teacher had been made and the school board had not altered its position; therefore, its discretion in waiving the resignation was entirely proper. (Matter of Kieval, supra.)
The petitioner’s contention that a letter was, indeed, sent to respondents on June 5, 1974, through "inter-school mail service” withdrawing his resignation is rejected. There was no credible evidence to sustain this contention.
*668 Upon the entire record as developed herein, the petition of the petitioner is in all respects dismissed, and the relief requested by petitioner is in all respects denied, without costs.