In the Matter of the Arbitration between JOHN SARLE, as President of Local 450, International Union of Electrical, Radio & Machine Workers, AFL–CIO, Respondent, and SPERRY GYROSCOPE COMPANY DIVISION OF SPERRY RAND CORP., Appellant.

First Department, December 3, 1957.

*Emanuel L. Gordon* of counsel (*Roosevelt & Freidin,* attorneys), for appellant.

*Irving Abramson* (*Everett E. Lewis* with him on the brief), for respondent.

BREITEL, J. An employer, party to a collective bargaining agreement containing an arbitration clause, appeals from an order denying its application to stay an arbitration on the ground that the proposed issues do not constitute bona fide disputes. The demand for arbitration was made by the labor union, the other signatory to the collective bargaining agreement.

Five employees were charged with gambling by plant security officers, who claimed to have observed them. The employees were brought to a supervisor's office. After a lapse of time each of the five executed a purportedly voluntary resignation. Thereafter, the union investigated the cases. It determined that, in its opinion, the charges of gambling were meritorious with regard to three of the employees, but baseless as to the other two. The union asserts that the purported voluntary resignations were extracted from these two men by "coercion and duress", in that they were threatened with criminal prosecution and exposure.

After an unsuccessful effort to obtain a change of position by the employer, the union made a demand for arbitration on two issues: (1) a grievance arising out of the discharge and involuntary resignation of the two employees, and (2) a grievance arising out of the refusal and failure of the employer to have a union representative present when the employees were being interviewed in the supervisor's office.

The employer resists the demand on the first issue on the ground that the resignations constitute, *pro tanto,* a "cancella-

tion '' of the agreement for arbitration with respect to their employment and discharge. The employer insists that a condition precedent to arbitration is rescission of the resignations, as involuntary, in a plenary action.

With respect to the second issue in the demand, the employer contends that it is indisputably apparent from the express terms of the collective bargaining agreement that an employee's right to union representation arises only when a formal grievance procedure has been initiated under the provisions of the contract; that, otherwise, informal interviews between the employer and the employees do not give rise to such right. Hence, the employer argues, there is no bona fide arbitrable dispute on the second issue.

The matter of the allegedly involuntary resignation of the two employees is properly a subject of arbitration. The collective bargaining agreement contains a broad arbitration clause covering '' All disputes, differences and grievances which may arise out of this Agreement, including claims arising out of breaches or threatened breaches or violations or threatened violations of this Agreement ''. Whether the purportedly voluntary resignation is a voidable act or not involves a determination whether the collective bargaining agreement was violated or not. It is undisputed that the general collective bargaining agreement, *qua* agreement, remains unaffected by any act of either of the two employees. It is this agreement which provides for arbitration. The general obligation to arbitrate, concededly, has not been cancelled. Thus, it is performance under the contract which is in issue, not the contract itself. The resignation, the validity of which is disputed, relates to performance or employment under the contract, not to the contract itself.

The employer, in arguing for a *pro tanto* cancellation of the agreement by reason of the purportedly voluntary resignation, relies on the case of *Matter of Minkin (Halperin)* (279 App. Div. 226, affd. 304 N. Y. 617). In that case the parties, subsequent to the making of an agreement for arbitration, executed a cancellation agreement. In seeking arbitration, one of the parties claimed that the cancellation agreement had been obtained by duress. It was held that a court, under the statutes which give it power to direct an arbitration (Civ. Prac. Act, art. 84), could not inquire beyond the issue whether or not there was an outstanding arbitration agreement. Concededly, it was pointed out in the opinion, there was no such arbitration agreement outstanding. The unsuccessful party contended,

however, that the later agreement canceling the earlier arbitration agreement was voidable by reason of duress, and, therefore, that issue, to wit, the status of the later cancellation agreement, could be submitted to arbitration. The court held that until the cancellation agreement was set aside — and it was said this would have to be done in a plenary action — there was no agreement to arbitrate, and, therefore, there was no power to compel arbitration. This view was sustained in the Court of Appeals by a divided court.

This case is markedly different. Here, as pointed out earlier, there is no question, nor any contrary contention, but that the agreement for arbitration survives. It is only with respect to a particular act done in the performance of that agreement, or in violation thereof, namely, the resignation, that the issue is tendered whether such act is to be given the value it purports to have. The situation is therefore much more like that which obtained in *Matter of Kahn (National City Bank)* (284 N. Y. 515, 523). There it was emphasized that the question for the court was whether there was a written contract providing for arbitration, and whether there was a failure to proceed with the obligation to arbitrate. It was held that it was not the function of the court to determine any issue which related to performance or breach under the contract, even should there arise therefrom a right to rescind the agreement to arbitrate. (Cf., in accord, *Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76; see, also, however, *Matter of Essenson [Upper Queens Med. Group]*, 307 N. Y. 68.)

It does not merit extended discussion that a purported voluntary resignation may not be what it appears to be. Nor is such a resignation one that has conclusive effect. A tribunal — an arbitrator, as much as a court — may, upon evidence presented to it, determine that the act was not voluntary and that it was voidable or void, depending upon the circumstances.

It is concluded, therefore, that the first issue tendered in the demand for arbitration constitutes an arbitrable dispute, and that with respect to it, Special Term properly denied the motion to stay the arbitration.

When one turns, however, to the second issue tendered, a different situation presents itself. It has been held definitively by the Court of Appeals that a bona fide dispute is not raised with regard to the interpretation of such an agreement if the tendered issue involves the meaning of a provision which is " beyond dispute ". Such an issue raises a question of law to be determined preliminarily by the court, even though the

alleged dispute may fall within the literal language of the arbitration agreement. (*Matter of General Elec. Co. [Elec., etc., Workers]*, 300 N. Y. 262; *Matter of International Assn. of Machinists [Cutler-Hammer]*, 271 App. Div. 917, affd. 297 N. Y. 519; see, also, *Alpert* v. *Admiration Knitwear Co.*, 304 N. Y. 1; *Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills*, 239 N. Y. 199.)

The provision for union representation reads as follows:

" D. Individual Conferences on Grievances.

" No employee with respect to whom a grievance is pending shall be summoned to the office by any representative of the Employer for the purpose of discussing the grievance or wages, hours or other conditions of employment unless a representative of the Union shall be present at such discussions."

The question, on which the union and the employer are in sharp disagreement, is whether this provision requires a union representative to be present when the employer interviews, on apprehension, employees charged with gambling on the premises of the employer. Incidentally, the union claims that the employees demanded that a union representative be present, and that this demand was refused. The union reads this provision to require a union representative present when any difficulty arises between the employer and the employee involving matters of moment which may result in discharge or in a change in wages, hours or other conditions of the employment. The employer, on the other hand, contends that the provision relates only to the formalized grievance procedure, detailed in the collective bargaining agreement, and which is commenced by a grievance submitted in writing. Such grievances, it is provided, may then pass through various intermediate stages and, if not settled, are finally submitted to arbitration.

The provision for union representation above quoted consists of but one paragraph contained in article 26 of the collective bargaining agreement. The article, containing many parts, relates to grievance procedure, and is so entitled. One cannot read the article without it being clear " beyond dispute " * that the grievance procedure mentioned is the formalized procedure for the settlement of disputes. It is in that context there first

---

* Although, of course, the union does dispute this construction. The paradox may perhaps be resolved thus: What is meant is that *to the court* there appears no reasonable basis for the contention, even so slight as to admit of the matter being submitted to the arbitrator for interpretation, the latter being the province of the arbitrators and not the court. (*Matter of Acme Backing Corp.* [*Dist. 65*], 2 N Y 2d 963.)

appears the requirement for union representation, thus giving, internally, the meaning to the clause " with respect to whom a grievance is pending ". Such meaning is that once a formalized grievance has been instituted, the employer shall not discuss the matter with the employee involved in the absence of a union representative. This is the only tenable construction and it is compelled by the language of the contract. Hence, under the rule laid down in the *General Electric* and *Cutler-Hammer* cases (*supra*) there is no room for invoking an arbitration to interpret this provision.

Accordingly, it is concluded that the second issue tendered in the demand for arbitration does not involve a bona fide dispute, and, consequently, the employer's motion to stay the arbitration with respect to that matter should be granted.

The order of Special Term denying the motion of the petitioner-employer, and appellant herein, should be modified, as a matter of law, to stay the arbitration with respect to the second enumerated issue contained in the demand for arbitration, and the order should be otherwise affirmed, without costs.

PECK, P. J., BOTEIN, FRANK and McNALLY, JJ., concur.

Order unanimously modified, as a matter of law, to stay the arbitration with respect to the second enumerated issue contained in the demand for arbitration, and, as so modified. affirmed, without costs. Settle order.