█ In the Matter of STEWART A. SAFRAN, Respondent, v. JOHN A. WALLACE, as Director of Probation, Office of Probation for the Courts of New York City, et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered September 14, 1971 in New York County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate respondent's determination dismissing him from his position as a Probation Officer Trainee and directed that he be reinstated to his former position. The appeal has been transferred, pursuant to CPLR 5711, to this court for disposition. Petitioner was appointed from an eligible Civil Service list to the position of Probation Officer Trainee. In both the examination announcement and letter of appointment there was a statement that there was to be a two-year probationary period before tenure could be obtained. Some 21 months after his appointment, petitioner's employment was terminated, without a hearing. Special Term vacated this dismissal and ordered petitioner reinstated to his former position. Respondents contend on this appeal, among other things, that there was authority for the establishment of a two-year probationary term in the Civil Service Rules and Regulations. With this contention we agree. Subdivision (b) of rule 4.5 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 4.5) provides the "probationary term for a trainee appointment or trainee promotion shall coincide with the term of training service." This is a specific exception to the general probationary term of "not less than eight nor more than 26 weeks". (Rule 4.5, subd. [a] [1]; 4 NYCRR 4.5 [a] [1].) Petitioner maintains that having successfully completed the probationary period for Probation Officer Trainee, he was at least entitled to be reinstated to that position. Pursuant to the rule of the Administrative Board of the Judicial Conference in effect at the time, the probationary term for a trainee *appointment* was not less than 26 nor more than 52 weeks, whereas the term for a trainee *promotion* was not less than 12 nor more than 52 weeks. (22 NYCRR 25.24 [c] [2].) Although this rule created two different probationary periods, each with a maximum duration of 52 weeks, it cannot be construed to permit the acquisition of tenure in the position of trainee at the completion of the trainee appointment probationary term. This would run counter to the prime function of the trainee position. The obvious purpose of the two-year probationary period was to allow a trainee appointee to complete the required training, and at the end of the first probationary period, to increase his salary while serving his probationary term as a trainee promotee. Petitioner further urges that his dismissal was not accomplished in good faith and was arbitrary, capricious and unreasonable. The appointing power has the power to dismiss a

.probationer without a hearing and without stating a reason therefor so long as the discretion is exercised in good faith. (*Matter of Rosenberg* v. *Wickham*, 36 A D 2d 881, 882.) An examination of the instant record reveals no evidence of bad faith on the part of the dismissing authority. Nor do we find any connection between the newsletters petitioner signed and his dismissal. We cannot say that the dismissal was not made in good faith. Finally, we find no merit in petitioner's contention that his dismissal by the Deputy Director of the Office of Probation was without authority. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.