■ In the Matter of CHERIE LEZETTE, Appellant, v. BOARD OF EDUCATION, HUDSON CITY SCHOOL DISTRICT, Respondent.— Appeal from a judgment of the Supreme Court, Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking her reinstatement with back pay to a teaching position in the respondent school district. Petitioner, appointed effective September 1, 1971 as a probationary elementary teacher at the first grade of the Stottsville School in the respondent school district, was informed by letter, dated June 13, 1972, that, due to the small enrollment in the first grade, her position was being eliminated for the 1972–1973 year and that she would receive consideration for any other opening for which she might be suitable in the school district. Subsequently, several openings appeared at various schools in the district but petitioner was not hired. Rather, new teachers were hired instead to fill many of such positions. Petitioner asserts that she should have been assigned one of those available positions while the respondent contends that she had no greater rights than any other applicant for any position and thus is not entitled to an assignment. Special Term disposed of the case by holding that petitioner had not exhausted her administrative remedies under section 310 of the Education Law citing Matter of Community School Bd. Dist. No. 3 of City of N. Y. v. Board of Educ. of City of N. Y. (68 Misc 2d 66). However, as that case itself points out (p. 71; see, also, Matter of O'Connor v. Emerson, 196 App. Div. 807, 810, affd. 232 N. Y. 561; Matter of Scales v. Board of Educ. of Union Free Dist. No. 12, Town of Hempstead, 41 Misc 2d 391, 392–393; and Cottrell v. Board of Educ. of City of N. Y., 181 Misc. 645, 650, affd. 267 App. Div. 817, affd. 293 N. Y. 792) where, as here, what is involved is the "litigations by

private parties seeking to vindicate their private rights, and where essentially pure questions of law or statutory interpretations were involved and it appeared that the school official has acted in violation of an express statute " direct resort to the courts is permissible. Thus, the case should not have been dismissed for failure of petitioner to exhaust her administrative avenues of appeal. On the merits it is clear that the school board properly abolished petitioner's position at the Stottsville School, but it is equally clear that such action did not discharge the petitioner from employment which could only be done even for a probationary teacher following a recommendation of the Superintendent of Schools and a majority vote of the Board of Education, which never here took place. Moreover, pursuant to subdivision 3 of section 2510 of the Education Law, petitioner was entitled to preferred status . as to any vacancies which occurred, and this is so even as a probationary teacher (*Matter of Branche* v. *Union Free School Dist. No. 9, Town of Babylon, Suffolk County*, 11 Educ. Dept. Rep. 311). The respondent, following the abolishment of petitioner's job, either had to afford her a preference as to the first similar position available in the district (Education Law, § 2510, subd. 3) or take proper action to terminate her services as a probationary teacher. Accordingly, the judgment must be reversed and the petition granted to the extent that petitioner be appointed *nunc pro tunc* as of September 5, 1972 to the position of elementary teacher (see *Matter of Jadick* v. *Board of Educ. of City School Dist. of Beacon*, 15 N Y 2d 652) since positions were filled on that date with applicants junior to petitioner in seniority. Judgment reversed, on the law, and petition granted, with costs. Staley, Jr., J. P., Greenblott, Cooke, Main and Reynolds, JJ., concur.