OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding brought by the pe *329 titioner, Pamela Marland, for an order: (1) annulling the determination of respondent Commissioner of Education dismissing petitioner’s appeal from the prior determination of respondent Chancellor of the City School District of New York terminating her service as a teacher; and (2) directing that she be reinstated to service as a teacher nunc pro tunc as of November 30, 1976, and for related relief. Respondents make a cross motion to dismiss the petition on the ground it fails to state a cause of action.
Petitioner has taught in the New York City school system since 1956 and received a permanent appointment as a teacher of speech in February of 1961. In September of 1975 petitioner participated in a strike by absenting herself from her school duties without permission for five working days. Respondent Chancellor Anker informed petitioner by letter dated December 1, 1975 that a determination had been made that her participation in the strike was a violation of section 210 of the Civil Service Law (Taylor Law). The letter also advised petitioner that as a result of the violation of the Taylor Law, she was to be placed in a probationary status for a period of one year and that she would also be fined for the period of the strike.
Petitioner was subsequently advised by letter of October 28, 1976 that respondent Anker had determined to terminate her services at the end of the one-year probationary period, in accordance with a recommendation of the Assistant Superintendent for Manhattan High School, based upon an unsatisfactory rating which she received as the result of evaluation of her performance as a teacher during that period. Petitioner was also advised that, pursuant to the collective bargaining agreement in effect between the New York City Board of Education and the United Federation of Teachers, she was entitled to the review procedures afforded by section 105-a of the by-laws of the New York City Board of Education.
Petitioner’s services were terminated on November 30, 1976 and a hearing was convened on March 8, 1977 pursuant to section 105-a of the by-laws of respondent board and the collective bargaining agreement, which held several sessions and was due to reconvene on October 17, 1977 (the result of said hearing was not made known to this court at the time of the instant motion). Petitioner, prior to her termination on November 30, 1976, submitted her application for retirement benefits as a teacher in order to prevent forfeiture of her *330 rights to retirement if she had been terminated (and the termination upheld) prior to submitting the application.
Petitioner appealed her termination by the New York City School District to respondent Commissioner of Education, contending that her termination without a prior hearing violates rights secured to her by the collective bargaining agreement (art 21-C-2) and section 105-a of the by-laws of respondent City School District. The Commissioner of Education denied her appeal on the ground that petitioner is not entitled to the benefits of the provisions of article 21-C-2 of the collective bargaining agreement, as those provisions were not intended to apply in the case of Taylor Law probationers.
Petitioner now appeals from the Commissioner of Education’s decision sustaining her termination, contending that: (1) she was not afforded a hearing as required by the collective bargaining agreement; and (2) she was denied due process and equal protection by the respondents and they acted in an arbitrary and capricious manner in terminating her services.
This court cannot agree with the contentions of the petitioner. The provisions of the collective bargaining agreement relative to probationary service relied upon by the petitioner do not apply to teachers placed on probation pursuant to the provisions of section 210 of the Civil Service Law (Taylor Law). (Matter of Tuller v Central School Dist. No. 1, 40 NY2d 487, 495-496.) The Court of Appeals said:
"Finally, the petitioners were not entitled to a hearing before the district arrived at the decision to deny tenure. Section 4.5 of title 4 of the NYCRR does not require a hearing when the termination comes at the end of probation, as distinguished from a discharge in midprobation, when a district acts on the basis of unsatisfactory service (see Matter of Rosenberg v Wickham, 36 AD2d 881; Matter of Safran v Wallace, 41 AD2d 793). Nor, since petitioners were probationers at the time of termination, was there any due process right to a hearing here (Board of Regents v Roth, 408 US 564; Huntley v Community School Bd. of Brooklyn, 543 F2d 979). And, in view of our disposition, the teachers’ claim for back pay from October 6, 1973 to the present is academic.”
Further, the scope of review of determinations of the Commissioner of Education is limited to the question of " 'whether there is a rational basis for the administrative orders’ ” (Matter of Pell v Board of Educ., 34 NY2d 222, 231). This court finds that the determination of the Commissioner *331 of Education had ample support on the record and his determination will not be disturbed by this court. Therefore, the motion of the petitioner is denied, and the cross motion to dismiss the petition is granted.