■ In the Matter of PATRICK SARGEANT et al., Respondents, v DIRECTOR OF THE BROOKLYN DEVELOPMENTAL CENTER, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the reinstatement of petitioners to the positions of mental hygiene therapy aide, grade 9, with back pay, the appeal is from a judgment of the Supreme Court, Kings County, dated January 2, 1979, which directed that the petitioners be reinstated with back pay and other benefits. Judgment reversed, without costs or disbursements, and leave is granted to the appellant to interpose an answer within 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. In April, 1977 the petitioners were appointed by the Brooklyn Developmental Center to positions as mental hygiene therapy aide trainees (grade 7). A year later, the petitioners were notified that they would be dismissed for the following reasons: (1) petitioner Scott—bad attendance; (2) petitioner Cain—job abandonment; and (3) petitioner Sargeant—unsatisfactory work performance. The petitioners commenced the instant proceeding to compel their reinstatement and promotion to the position of mental hygiene therapy aides (grade 9). The basis of the application is that the appellant failed to follow the regulations of the Department of Mental Hygiene which require that each facility establish a traineeship council and provide a minimum of 200 hours training to therapy aide trainees. These directives were contained in a memorandum circulated by the Department of Mental Hygiene which outlined a new procedure for training therapy aides. It is urged that the failure to comply with these directives renders the dismissal of the petitioners invalid. Pursuant to CPLR 7804 (subd [f]), the appellant moved to have the petition dismissed on the ground that absent a lack of good faith, therapy aide trainees, like other probationary employees, could be dismissed without a hearing and without a statement of reasons. The appellant further argued that the failure to comply with the department's regulations does not evidence bad faith as demonstrated by the promotion of the 37 other therapy aide trainees who were initially appointed with the petitioners. Special Term found that the appellant failed to comply with the regulations of the Department of Mental Hygiene and, therefore, held that the dismissal of the petitioners was

invalid. The judgment issued on Special Term's decision simply orders that the petitioners be reinstated and promoted to the position of mental hygiene therapy aide (grade 9). We agree that the appellant's motion to dismiss should have been denied; however, it was improper to deny the appellant the opportunity of interposing an answer and defending on the merits. An administrative body is bound by its own rules (cf. *Matter of Conlon v McCoy*, 27 AD2d 280) and, therefore, the appellant was obligated to provide 200 hours of training to the therapy aide trainees and to establish a traineeship council. However, failure to fully comply with these directives is not dispositive of the petitioners' right to reinstatement. The memorandum circulated by the Department of Mental Hygiene outlining the procedures to be implemented in the new traineeship programs, includes the following paragraph: "Is training a condition of employment? Yes. If at the end of one year's time, the trainee demonstrates inadequate performance in areas where training would have provided necessary knowledge, the facility would have to either document that training in these areas had in fact been given or allow the trainee to advance to Mental Hygiene Therapy Aide." This suggests that the remedy of reinstatement is appropriate only when the basis of dismissal was inadequate performance resulting from a lack of training. The appellant's concession that a traineeship council was not established and that the required minimum training of 200 hours was not provided does not imply that the petitioners would have been promoted had such requirements been satisfied. The record suggests a contrary conclusion. The dismissal of two of the petitioners was for reasons relating to fitness rather than to inadequate skills which could have been remedied by more complete training. The circumstances surrounding the dismissal of the third petitioner (Sargeant) are less clear and it may be that his unsatisfactory performance resulted from inadequate training. However, such a determination may not be made on the instant record. The appellant is entitled to interpose an answer to the petition for the purpose of demonstrating that the basis for dismissal of the three petitioners was unrelated to the performance of skilled functions for which they did not receive instruction. Similarly, the appellant may be able to show that the essential functions of the traineeship council were substantially performed even though no council was formally established. In this regard, we further note that the memorandum upon which the petitioners rely is largely directory and anticipates that each facility will implement its own program. The appellant's burden of compliance would be more properly measured by its own approved program rather than by the more general provisions of the department directive. To the extent that the department memorandum is considered it is to be emphasized that the underlying goal of improving the quality of patient care should not be ignored. Rabin, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.