In the Matter of PAMELA MARLAND, Respondent, v GORDON
M. AMBACH, as Commissioner of Education of the
State of New York, et al., Appellants.

Third Department, February 5, 1981

### APPEARANCES OF COUNSEL

*Allen G. Schwartz, Corporation Counsel (Marvin R. Kwartler, Ronald E. Sternberg* and *Maureen F. Brennan* of counsel), for Board of Education of the City School District of New York and another, appellants.

*Boyd, Holbrook & Seward (John G. Lipsett* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

The petitioner, a speech teacher in the New York City school system, was reduced for a year from tenured status

to probationary status, pursuant to section 210 (subd 2, par [f]) of the Civil Service Law, for her participation in a teachers' strike in 1975. She was notified by the respondent Irving Anker (hereinafter Chancellor) that her probationary service as a teacher would be terminated as of November 30, 1976. Petitioner appealed to the New York State Commissioner of Education (hereinafter Commissioner) for a stay and/or annulment of the Chancellor's determination to terminate her services. Petitioner contended that article 21 (subd C, par 2) of the collective bargaining agreement in effect between the Board of Education and the United Federation of Teachers was applicable to her, entitling her to a full hearing as provided under subdivision 7 of section 2590-j and section 3020-a of the Education Law. The stay was denied. Before a decision was issued by the Commissioner, the petitioner applied for retirement effective November 29, 1976. Petitioner conditioned her retirement indicating that it was involuntary and made under duress and protest. She reserved the right to rescind her retirement if her termination was ultimately invalidated.

The Commissioner dismissed the appeal on the grounds that (1) section 210 (subd 2, par [f]) of the Civil Service Law precluded application of article 21 (subd C, par 2) of the agreement, and (2) petitioner's appeal of her termination became moot by virtue of her voluntary retirement from service.

Special Term initially dismissed the petition. It held that article 21 (subd C, par 2) of the collective bargaining agreement was not applicable to teachers placed on probation pursuant to section 210 (subd 2, par [f]) of the Civil Service Law *(Matter of Marland v Ambach*, 93 Misc 2d 328). On reargument, Special Term vacated its prior order, annulled the determinations of the Commissioner and the Chancellor; directed that petitioner be reinstated as a teacher *nunc pro tunc* as of November 30, 1976; that she be paid salary and benefits from that date, less earnings from unemployment and retirement benefits; directed that petitioner be accorded a hearing and determination in accordance with subdivision 7 of section 2590-j of the Education Law and rescinded petitioner's retirement. The

decision on reargument was based on *Matter of Board of Educ. v United Federation of Teachers, Local No. 2, AFT, AFL-CIO* (46 NY2d 1018).

On appeal, the Chancellor contends that petitioner's resignation and retirement moots the question of whether she is entitled to a hearing on the validity of her discharge. The Chancellor also contends that the Teachers' Retirement System (hereinafter System) is a necessary party to the instant action because any request for rescission of petitioner's retirement affects the System.

It is certain that petitioner would have been terminated by the Chancellor without a hearing on November 30, 1976. Petitioner clearly indicated in her resignation that she was retiring because of duress and under protest to protect her substantial retirement benefits. There is a difference in privileges accorded contributors to the city's retirement system depending on the circumstances of their leaving service, that is, whether service ceases by resignation, transfer, dismissal or death before retirement. (See Administrative Code of City of New York, §§ B20-38.0, B20-39.0.) A dismissed member loses rights to a pension and, upon dismissal, such individual's membership ceases and the accumulated deductions standing to his or her credit in the annuity savings fund and the pension reserve fund, equal to the contributions made by the member, are paid out forthwith (Administrative Code, § B20-38.0, subd 2). Under these circumstances, it is obvious that petitioner did not retire voluntarily. The facts support Special Term's determination that petitioner's retirement was involuntary. Special Term properly voided the retirement *(Matter of Sarle [Sperry Gyroscope Co. Div. of Sperry Rand Corp.]*, 4 AD2d 638, affd 4 NY2d 917).

We conclude, also, that the failure to join the System in this proceeding did not preclude the relief granted. CPLR 1001 requires a joinder of a party if it might be inequitably affected by the judgment. The rescission order granted did not affect any right of the System and, therefore, there was no necessity for its joinder in the action.

The respondents appear not to take further issue with the fundamental question of whether petitioner was entitled

to the hearing procedures pursuant to subdivision 7 of section 2590-j of the Education Law. In any event, we concur with Special Term's reliance on the decision of the Court of Appeals in *Matter of Board of Educ. v United Federation of Teachers, Local No. 2, AFT, AFL-CIO (supra)*, and in its conclusion that the petitioner was entitled to the same hearing procedures accorded tenured teachers. These were granted to petitioner by article 21 (subd C, par 2) of the collective bargaining agreement.

The respondents urge, also, that Special Term erred in awarding petitioner reinstatement with back pay, *nunc pro tunc*. They contend that the denial of a hearing to petitioner did not violate either a constitutional or statutory right and was merely a procedural defect that did not entitle petitioner to an unqualified reinstatement with back pay. The petitioner's reinstatement is not unqualified. The decision does not deprive respondents from holding a collective bargaining agreement hearing on whether to grant or deny the petitioner tenure. Nor does the judgment otherwise affect respondents' other statutory powers. Special Term had authority to grant petitioner back pay and the attendant circumstances justified such grant (see *Matter of Lezette v Board of Educ.*, 43 AD2d 755).

The judgment should be affirmed, with costs.

HERLIHY, J. (dissenting). The facts in this case reveal neither coercion nor duress which as a matter of law would render the resignation involuntary. (Cf. *Matter of Sarle [Sperry Gyroscope Co. Div. of Sperry Rand Corp.]*, 4 AD2d 638, 641, affd 4 NY2d 917.) The protestations of the petitioner were simply an invalid attempt to have the best of two options available to her, but which were mutually exclusive. Her choice of retirement ended her controversy as to the validity of the employer's action.

The majority's reliance upon the case of *Matter of Sarle (Sperry Gyroscope Co. Div. of Sperry Rand Corp.) (supra)* is misplaced as that case dealt solely with the issue of whether the voluntariness of a resignation was subject to arbitration under the terms of a collective bargaining agreement. In the present case, the controversy does not arise out of petitioner's resignation and there is no showing that

her retirement is anything other than in accordance with the applicable statutes and regulations. The choice was petitioner's and unlike the *Sarle* case, the propriety of the employer's action herein is questionable only as to procedure and not as constituting threats to the public perception of her integrity.

The judgment should be reversed, the determination confirmed, and the petition dismissed.

MAHONEY, P. J. and SWEENEY, J., concur with MIKOLL, J.; KANE and HERLIHY, JJ., dissent and vote to reverse in an opinion by HERLIHY, J.

Judgment affirmed, with costs.