■ In the Matter of PATRICK SARGEANT et al., Respondents, v DIRECTOR, BROOKLYN DEVELOPMENTAL CENTER, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the reinstatement of petitioners to the positions of Mental Hygiene Therapy Aide, Grade 9, with back pay, the appeal is from a judgment of the Supreme Court, Kings County (Jones, J.), dated October 1, 1980, which directed that petitioners be reinstated to their former positions at Grade 7, with back pay and other benefits. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioners were appointed by the Brooklyn Developmental Center in April, 1977 to positions as Mental Hygiene Therapy Aide Trainees, Grade 7. Prior to the termination of their one-year probationary period, they were notified that they were being dismissed. Petitioners commenced a proceeding to compel their reinstatement and promotion to a Grade 9 level. They contended that their dismissal was invalid in light of the failure of the Director of the Brooklyn Developmental Center to implement the regulations of the Department of Mental Hygiene which require each facility to establish a traineeship council and provide a minimum of 200 hours training to therapy aide trainees. Special Term originally ordered that petitioners be reinstated and promoted. On a prior appeal (71 AD2d 900), this court held it improper to deny the director the opportunity of interposing an answer and defending on the merits, and remitted the matter to Special Term. After a hearing, Special Term directed that petitioners be reinstated to their positions as trainees, Grade 7, with back pay, and that they be afforded the supervision and benefit of the traineeship council. It is from this judgment that the current appeal is taken. It is well settled that the employment of a probationary appointee may be terminated at the end of the probationary term without a hearing and without specific reasons being stated. Review is thus limited to whether the appointing officer exercised good faith in directing a termination. *(Matter of Gordon v State Univ. of N.Y. at Buffalo,* 35 AD2d 868, affd 29 NY2d 684; *Matter of Safran v Wallace,* 41 AD2d 793; *Matter of Matsa v Wallach,* 42 AD2d 1004, affd 34 NY2d 891.) On the instant record we find evidence to justify the termination of petitioners' employment. There is evidence as to petitioners' work performances being less than satisfactory, i.e., petitioner Scott's failure to work required overtime, coupled with her having been absent 304 unscheduled hours and late 43 times; petitioner Cain's tardiness, extended lunch breaks and disruptive temperament; and petitioner Sargeant's refusals to work overtime and failure to return to work after a lunch break, as well as being found sleeping on the job. Each petitioner received counseling concerning his or her deficiencies. It is clear from the record that the dismissals of the petitioners were for reasons relating to fitness rather than to inadequate skills which could have been remedied by more complete training. The essential functions of the traineeship council were substantially performed even though no council had yet been formally established. Accordingly, the judgment ordering petitioners' reinstatement is reversed and the petition is dismissed on the merits. Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.