■ In the Matter of the Arbitration between UNIT NO. 8251, RENSSELAER COUNTY LOCAL 842 OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Appellant, and CITY OF TROY et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered February 28, 1990 in Rensselaer County, which denied petitioner's application pursuant to CPLR 7503 to compel arbitration between the parties.

Patrick Washington's employment with respondent City of Troy was governed by the terms of a collective bargaining agreement between petitioner and the city. Article VIII of the union contract provided for appeal of employee disciplinary proceedings by a three-step process culminating in binding arbitration. Washington was issued a notice of discipline with respect to each of four separate acts of misconduct alleged to have occurred between June 6, 1988 and October 31, 1988. Following a hearing before a designee of respondent City Manager, the Hearing Officer rendered a written decision on May 25, 1989 sustaining the charges and recommending that Washington's employment be terminated. Washington resigned his position on June 6, 1989. The same day, petitioner allegedly mailed four separate demands for arbitration to the city, one with respect to each of the disciplinary charges. The city refused to arbitrate upon the ground that Washington's resignation rendered the disciplinary proceedings moot. Petitioner then brought this proceeding to compel arbitration. Supreme Court dismissed the petition and petitioner appeals.

We affirm. In its attorney's affirmation in support of the petition, petitioner alleges, in the most conclusory of terms, that "[b]ecause * * * [Washington] was coerced and did not know what he was doing, this resignation is null and void". Notably, petitioner did not submit an affidavit of Washington or any other individual with personal knowledge of the facts and circumstances surrounding the resignation. In opposition to the petition, respondents submitted the affidavit of Eugene

Bechard, Deputy Commissioner of Public Works for the city, who stated that it was Washington who first communicated an intent to resign and that he and Joseph Rounds, Washington's union local president, went to Washington's home to speak with Washington and his wife to assure that Washington fully considered all the ramifications of his decision to resign. Washington continued in his intent to resign and signed a formal written notice of resignation, witnessed by Bechard and the union official.

Based upon the foregoing, Supreme Court properly rejected the unfounded contention that Washington's resignation was other than voluntary. Because Washington was no longer an employee covered by the collective bargaining agreement, the disciplinary appeal was rendered moot (cf., *Matter of Marland v Ambach*, 79 AD2d 48, *affd* 59 NY2d 711). Accordingly, the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.