CHARLES J. SCHWARTZ, DOMINIC E. MILONE, RAPHAEL VITELLO and STANLEY TANN, Petitioners, Appellants, v. ARTHUR W. BRANDT, Superintendent of Public Works of the State of New York, and Others, Respondents.

EDGAR DUNNING and Others, Intervenors, Respondents.

Third Department, January 8, 1941.

*O'Connell & Aronowitz,* for the appellants.

*John J. Bennett, Jr.,* Attorney-General [*Bernard L. Alderman, Assistant Attorney-General,* of counsel], for the defendants, respondents.

*DeGraff & Foy* [*John T. DeGraff* of counsel], for the intervenors, respondents.

FOSTER, J. Petitioners appeal from an order of the Supreme Court at Special Term, denying their application for reinstatement to the positions of assistant architects in the State service, from which they were suspended on August 1, 1940. Their contention is that four other assistant architects in the same grade should have been suspended, and that they should have been retained. These other four, whom they seek to supplant, have been permitted to intervene in the proceeding.

Prior to 1932 both petitioners and intervenors held positions under the title of " Architectural Draftsmen." Following a reclassification in 1932 this title was changed to " Assistant Architects." All were doing the same kind of work, but received different salaries. Each intervenor was appointed before any of the petitioners. All of the intervenors were appointed between November 1, 1929, and August 16, 1930, while all of the petitioners were appointed between December 15, 1930, and October 16, 1931.

On July 1, 1935, the four intervenors were suspended from their positions for lack of work, despite the fact of their seniority. This was possible, although petitioners and intervenors were all doing the same kind of work, because they were classified in different grades on the basis of salaries received. Thus petitioners were in Grade 7, and the intervenors in Grade 6. Each civil service grade was and is a separate entity for the purpose of determining seniority. (*Matter of Skrocki* v. *Greene*, 242 App. Div. 226; *Matter of Glisman* v. *Moses*, 255 id. 1020.) Hence at that time it was legally proper to suspend intervenors and retain petitioners; and such action did not violate section 31 of the Civil Service Law, which requires suspensions to be made in the inverse order of original appointment.

Petitioners continued in the service, and their employment was uninterrupted from the dates of their appointments down to August 1, 1940, the date of the suspension of which they complain. The four intervenors, who had been suspended on July 1, 1935, were reinstated in April, 1938, and thus occupied a status of suspension for a period of less than three years. In the application before us on appeal, petitioners claim seniority over the intervenors on the ground that they have had longer continuous service, and urge, at least inferentially, that the intervenors lost all priority rights on account of their separation from the service.

Since July 1, 1938, the effective date of sections 40 and 41 of the Civil Service Law, as added by chapter 859 of the Laws of 1937, all employees doing substantially the same work and holding the same title have been classified in the same grade. Under this statute, petitioners and intervenors were reclassified as " Assistant Architects," and placed in the same grade, that is, Service 7, Grade 3. The power of the Legislature to require such reclassification is not questioned. When it became necessary in 1940 to suspend certain employees doing architectural work the seniority rule was applied, but, since the parties were then all in the same grade and the intervenors had priority in original appointments, petitioners were suspended and intervenors retained. Some point is made that the suspension of employees with continuity of service is in violation of the general spirit of the Civil Service Law,

but if such an allegation is relevant, it may be pointed out that the apparent injustice of this action is not a whit greater than the suspension of the intervenors in 1935, despite their seniority in appointments, and the fact that they were doing the same kind of work, upon the highly artificial distinction of a salary differential.

We do not find in this action, however, any violation of the Civil Service Law or Rules of the Civil Service Commission. The statute (Civil Service Law, § 31) provides that one holding a position in the competitive class under the civil service, who loses his position through no fault of his own " shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment." It also provides that such an employee shall have his name entered upon a preferred list for the position last held by him, and that reinstatements shall be made from this list in the order of original appointments before certification is made from any other list. A preferred list of this character has a life of four years.

There is nothing in these provisions to indicate that the Legislature intended to make continuous service a condition precedent to the enforcement of suspensions in the inverse order of appointment. Logically, such a condition would follow only where there has been a definitive separation from the service caused by dismissal, resignation or death (*Matter of Weiher* v. *Greene*, 239 App. Div. 652), or where there has been a suspension beyond the life of the preferred list. In such a case all priorities and rights would vanish because the relationship would then be completely terminated. But in this case there was merely a suspension, and not a separation with finality. The statute provides that such a status may exist for as long as four years, and within that period intervenors were not separated from the service so as to destroy their rights of priority.

The order appealed from should be affirmed, without costs.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order appealed from affirmed, without costs.