In the Matter of the Application of FRED C. DOERING, Petitioner, for an Order against ADOLF HINRICHS, Director of Public Works of the City of New Rochelle, and Others, Respondents.*

Supreme Court, Westchester County, August 4, 1941.

*Seth T. Cole*, for the petitioner.

*Aaron Simmons, Corporation Counsel*, for the respondents.

WITSCHIEF, J.   The petitioner seeks an order under article 78 of the Civil Practice Act directing the respondents to reinstate petitioner as clerk in the department of public works of the city of New Rochelle as of May 1, 1941, and requiring payment of his salary since that date.   While the facts are not made very clear either by the petition or answer, it appears that the petitioner was originally appointed as cost clerk in 1917.   On December 15, 1928, he resigned.   On July 16, 1929, the local municipal civil service commission adopted a rule by which the title of the position was changed to that of clerk.   On September 1, 1929, petitioner was reinstated as clerk in the office of the comptroller of the city of New Rochelle and on January 1, 1938, was transferred from the department of finance to the department of public works, and was assigned to Central Garage in that department.   On April 30, 1941, the position of clerk in the bureau of Central Garage was abolished by an ordinance of the city council.   One Mohr was also a clerk in the department of public works of the city of New Rochelle,

having been appointed in 1925 and assigned to administrative bureau where he has continued since 1929. There is an issue of fact as to the precise nature of the duties performed by the petitioner and Mohr which requires the taking of testimony, if the petitioner was senior to Mohr in point of service and entitled to the application of the rule of inverse order of dismissal. The resignation of the petitioner operates to separate him from service. (Civil Service Law, § 19.) There is nothing in the petition to indicate the existence of any rule either of the local municipal civil service commission or of the State Civil Service Commission as to the effect of reinstatement following resignation. In *Matter of Marcus* v. *Ingersoll* (266 N. Y. 359) the Court of Appeals said that reinstatement might have the effect of wiping out the resignation and renewed service might be traced in unbroken line to original appointment. Since then the Appellate Division, Third Department, in *Schwartz* v. *Brandt* (261 App. Div. 83), held that the separation from the service caused by resignation canceled all priorities and rights. As petitioner's reinstatement was later than the appointment of Mohr, it will, therefore, be held that petitioner's continuity of service was broken by his resignation and that he is not senior to Mohr, and is not entitled to invoke the statutory rule (Civil Service Law, § 31) that dismissals must be in the inverse order. Proceeding dismissed, without costs.