Harold E. Koreman, J.
In this article 78 proceeding petitioner seeks a judgment declaring illegal and void an agreement éntered into between the Board of Education Central School District No. 2, Town of Oyster Bay, Syosset, New York (hereinafter called the Board) and the petitioner, employed as a teacher, and providing for a continuation of hearings previously commenced before said Board. Respondent Commissioner of Education determined that the agreement is legal and dismissed petitioner’s appeal. He has filed an answer containing objections in point of law seeking dismissal of the petition.
This controversy arose as a result of an agreement of settlement arrived at between petitioner and the Board in the course of a formal hearing on charges filed against petitioner. In his appeal to respondent, petitioner sought to set aside the agreement on the ground that it' called for payment to him of public moneys without services rendered and was, therefore, a gift of public moneys in violation of section 1 of article VIII, of the New York State Constitution. He also contended that he was deprived of his rights as a teacher on tenure to have a determination made of charges against him after hearing under section 3013 of the Education Law. In support of his contention, petitioner argued before respondent that the holding in Matter of Boyd v. Collins (11 N Y 2d 228), wherein an agreement of settlement between a Board of Education and a teacher was set aside, is controlling under the facts in the -instant case. In dismissing the appeal, respondent held that the situation herein is clearly distinguishable and that the agreement arrived at was a properly negotiated settlement of a quasi-judicial proceeding.
The record discloses that after the filing of charges against petitioner, based upon neglect of duty as a teacher, a formal hearing was commenced pursuant to section 3013 of the Education Law. The hearing continued for seven days and on the eighth scheduled date for resumption of the hearings, the Board *704 was advised by its attorneys and the attorney for petitoner that they had agreed on a settlement of the matter, subject to the Board’s approval. Under the terms of settlement, which, it appears, the petitioner actively sought and which was entered on the record of the hearing, he agreed to submit his resignation as a teacher immediately and he was to be paid a lump sum of $4,500. The sum of $1,000 thereof was to be paid forthwith and the balance on or before a period of two weeks thereafter and petitioner would execute a general release. Pursuant to said agreement, petitioner submitted his resignation, was paid the above sum and executed a release.
Thereafter it appears that petitioner encountered some difficulty in obtaining another teaching position since he could not obtain a proper recommendation from the Superintendent of the School District of his last employment. He tendered back the $4,500 paid him, which was refused by the Board, and appealed to respondent to have the agreement of settlement declared illegal and void.
Upon this review of respondent’s determination, the court is concerned only with whether respondent was purely arbitrary in his opinion that the settlement agreement was not in violation of the constitutional prohibition against payment of public moneys without services rendered; that petitioner was not deprived of his rights under section 3013 of the Education Law since formal charges were filed against him and the hearing on said charges was terminated by the agreement and resignation by petitioner and, particularly, that the holding in the Boyd case is not controlling here because of the different and distinguishing factual situation. Unless respondent’s determination was affected by an error of law, having been made in a matter involving the administration of the State’s school system, it is final and not subject to review by the courts. (Education Law, § 310; Matter of Board of Educ. v. Allen, 6 N Y 2d 127; Matter of Vetere v. Allen, 15 N Y 2d 259.) Formal charges having been filed against petitioner and a hearing commenced thereon which, although not concluded, was terminated by petitioner’s voluntary act in submitting his resignation, respondent correctly held that he was not deprived of his rights under section 3013 of the Education Law, since “ a teacher, like any other employee may resign”. (Matter of Boyd v. Collins, 11 N Y 2d 228, 233, supra.) In my opinion, respondent also properly concluded that the Board had the right to negotiate a settlement of a potential claim in avoidance of expensive and uncertain litigation in the best interests of the taxpayers of the school district. The payment of a sum *705 of money by the Board in settlement of a contested claim in consideration of a resignation and general release to the Board under the facts and circumstances here was a payment for a legitimate school purpose (Education Law, § 1709) and could not be construed as a gift of public moneys without services rendered.
As pointed out in respondent’s decision, the Board in the Boyd case attempted to get rid of a tenure teacher without charges and without a hearing by paying her a year’s salary for not teaching. It should also be pointed out that in the Boyd case, the teacher did not resign but was simply told not to return to teach. Obviously, the facts of the instant case are essentially different from those in the Boyd case.
The papers before me indicate that petitioner was actively represented by counsel when he voluntarily sought a discontinuance of the hearings and in consideration of his resignation and payment of a sum of money the proceedings against him were brought to a formalized conclusion. He may not now be relieved of the obligations of his agreement by seeking a continuation of the hearings to their final conclusion. (Matter of McFerran v. Board of Educ., 21A D 2d 944, affd. 15 N Y 2d 630.)
There being no showing of illegality or arbitrariness in respondent’s determination, it is final and conclusive. (Matter of Board of Educ. v. Allen, 6 N Y 2d 127, supra; Matter of Vetere v. Allen, 15 N Y 2d 259, supra).
Accordingly, the petition is dismissed.