■ In the Matter of LEONARD CEDAR, Appellant, v. COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, Respondent.— *Per Curiam.* Appeal from a judgment of the Supreme Court, entered upon a decision (opinion, 53 Misc 2d 702) which dismissed the petition in a proceeding under article 78 of the CPLR to review and annul a determination of the Acting Commissioner of Education which, upon appeal by the present petitioner, held (1) that petitioner was not entitled to have set aside, as violative of the Constitution and of the Education Law (§ 3013), a certain agreement made during the period of the trial of charges against petitioner, a school teacher, on tenure, in the employ of Central School District No. 2 of the Town of Oyster Bay, whereby petitioner agreed to resign his position, the District agreed to pay to him the sum of $4,500 and he agreed to execute a general release to the District; and (2) that he was not entitled to be reinstated in his teaching position. The terms of the agreement were performed by both parties but thereafter petitioner tendered back the $4,500 paid him and requested that the discontinued hearing of the charges against him be resumed. Upon refusal thereof by the Board of Education, petitioner appealed to the Commissioner of Education and the proceedings there and subsequently at Special Term followed in due course. Petitioner urges the invalidity of the agreement on two grounds, first, as a waiver of tenure rights in contravention of section 3013 of the Education Law, and, second, as violative of the constitutional prohibition of gifts of public funds (N. Y. Const., art. VIII, § 1). In respect of each ground, appellant relies entirely on *Matter of Boyd* v. *Collins* (11 N Y 2d 228). From the first ground urged it would follow that a teacher under charges could never resign but would have to go through with hearings to the end, however distasteful, imprudent or, indeed, catastrophic that course might be. We find nothing supportive of this contention in *Boyd* (*supra*, p. 233), where it was said: "It is clear on this record that petitioner never voluntarily quit her job but was told by the board president to stop teaching and not to return to her classroom. It is unquestionably a violation of the statute and of tenure rights *to remove,* without charges and hearing, a teacher who has tenure. *Of course, a teacher like any other employee may resign but the assertion here is not that petitioner resigned but that for a consideration she waived her right to a hearing.*" (Emphasis supplied; and see *Matter of McFerran* v. *Board of Educ.,* 21 A D 2d 944, affd. 15 N Y 2d 630.) Special Term also correctly rejected the second ground of petitioner's argument — that which denominated the $4,500 payment an unconstitutional gift of public funds, voiding the agreement. Again, we find petitioner's reliance upon *Boyd* (*supra*) a mistaken one. It is true that there was voided in that case, for constitutional invalidity, "an agreement 'under which public money would be paid without

services rendered on condition that charges be withheld and the teacher resign ' " (p. 234); but the context of that general description, quoted from the memorandum decision in the Appellate Division, was the morally and legally indefensible subterfuge employed by the school board whereby Mrs. Boyd was to be paid her salary, as salary, until the end of the year, although, at the board's direction, she had long since stopped teaching and was not to teach again. Here there was no such pretense or chicanery nor any purported or ostensible payment of salary "without services rendered". The stipulation, entered upon the minutes of the pending quasi-judicial proceeding, was exactly what it purported to be — the compromise of a legal dispute, entered into at arm's length by adult parties represented by counsel. Each chose thus to be assured against the possibility of a less favorable conclusion of the litigation. In similar vein, Special Term held: "In my opinion, respondent also properly concluded that the Board had the right to negotiate a settlement of a potential claim in avoidance of expensive and uncertain litigation in the best interests of the taxpayers of the school district. The payment of a sum of money by the Board in settlement of a contested claim in consideration of a resignation and general release to the Board under the facts and circumstances here was a payment for a legitmate school purpose (Education Law, § 1709) and could not be construed as a gift of public moneys without services rendered." (53 Misc 2d 702, 704–705, *supra*.) Judgment affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.