■    In the Matter of JOHN J. HERBERT, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents. —Appeal from a judgment of the Supreme Court at Special Term, entered January 7, 1976 in Albany County, which dismissed, on the merits, petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside a determination of the Commissioner of Education. Petitioner was given a three-year probationary appointment as a high school principal in the respondent school district, effective July 1, 1969. The probationary term would normally have expired on June 30, 1972, but, due to a revision in the tenure statutes, it was extended to July 31, 1972 (L 1972, ch 953, § 5). Amended statutes also abolished tenure for high school principals appointed on or after May 9, 1971 and provided that they would thereafter be employed on a contract basis (L 1971, ch 116; L 1972, ch 953). The record reveals that on June 22, 1972 petitioner met with respondent's superintendent of schools to discuss his employment with the school district. There is a sharp conflict as to what transpired at that conference. It is not disputed, however, that petitioner's written resignation, dated June 29, 1972, to be effective July 14, 1972, was accepted by the board on July 5, 1972; that on July 7, 1972 the board entered into a written contract with petitioner to employ him in the same position as principal, commencing July 17, 1972 and ending July 1, 1973; that petitioner served under two successive annual contracts; and thereafter by letter dated January 22, 1975 he was informed that his employment was terminated as of June 30, 1975. He appealed to respondent Commissioner of Education who held that he had not acquired tenure by estoppel since he voluntarily resigned his position; that his resignation was valid and effective and that his appeal was untimely, pursuant to 8 NYCRR 275.16. Petitioner commenced this article 78 proceeding and Special Term dismissed the application on a motion to dismiss on the ground that the determination of the commissioner under the circumstances was not amenable to judicial review. This appeal ensued. Petitioner, among other things, contends that his resignation as a condition for re-employment in order to frustrate the tenure laws was void as against public policy; that there was, in fact, no intended resignation; that such resignation was obtained by coercion and was, therefore, void; and that the appeal was timely. Respondents, on the other hand, agree fully with the decision of Special Term. We will consider the question of timeliness first. The regulations provide that an appeal to the commissioner must be instituted within 30 days from performance of the act complained of (8 NYCRR 275.16). The act complained of by petitioner was his termination which took effect on June 30, 1975. Prior thereto he had continued to work in the same position and had no grievance. Consequently, in our view, the appeal was timely. Despite the stricture of "finality" contained in section 310 of the Education

Law, the commissioner's decision may be annulled if it is "purely arbitrary". (Matter of Board of Educ. v Allen, 14 AD2d 429, 431, affd 12 NY2d 980.) The commissioner found that petitioner's resignation was voluntary, and, therefore, valid and effective. The conflict as to what transpired at the June 22, 1972 meeting was resolved by the commissioner in the board's favor. It cannot be said, given the proof offered by respondents to the effect that the superintendent informed petitioner he would not recommend him for tenure; that petitioner thereupon decided to resign; and that said superintendent did not participate in the preparation of such resignation, that the commissioner's determination on this crucial question was arbitrary. In our opinion, it is supported in the record. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Herlihy and Reynolds, JJ., concur.