BOARD OF EDUCATION OF PATCHOGUE-MEDFORD UNION FREE SCHOOL DISTRICT, Respondent, v PATCHOGUE-MEDFORD CONGRESS OF TEACHERS, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County, dated April 3, 1978, which granted the application. Judgment reversed, on the law, with $50 costs and disbursements, application denied, and the parties are directed to proceed to arbitration. From 1970 until June 30, 1977, the petitioner and the appellant teachers' union were parties to several collective bargaining agreements, each of which contained a provision governing sabbatical leaves and summer study grants (art 11). On June 23, 1977 a list of candidates for leaves and study grants was submitted to petitioner. Petitioner failed to act prior to June 30, 1977, the date on which the contract expired. Thereafter, the petitioner refused to approve any leaves or grants on the grounds that the expiration of the contract terminated all rights thereunder and that the permissive language of article 11 vested no contractual rights to such leaves or grants in the teachers and reposed

complete discretion in the petitioner to approve or reject the same. The matter could not be be resolved by the grievance procedures and the appellant demanded arbitration. Petitioner commenced the instant proceeding to stay arbitration on the ground that a prior arbitration award between the parties in 1974, denying the grievances of four teachers under article 11, constituted *res judicata* of the issues in the present dispute. Appellant resisted the application on the ground that *res judicata* is not a basis to stay arbitration under CPLR 7503 (subd [b]) and that, if it were, an even earlier arbitration award between the parties in 1971, interpreting article 11 and sustaining grievances brought thereunder in favor of the appellant's present position, was *res judicata,* of the issues in the present dispute. Special Term properly concluded that the doctrine of *res judicata* is applicable to issues resolved by an earlier arbitration award *(City of Rochester v AFSCME Local 1635,* 54 AD2d 257), but it erred in holding that the 1974 award is *res judicata* of the issues in the present dispute. The 1971 arbitration award interpreted the text of article 11 and determined that said article does indeed vest the teachers with a contractual right to leaves and grants and, conversely, does not repose complete discretion in the petitioner to approve or reject such leave or grant applications. To the extent that the petitioner seeks a determination of these issues in the context of the present dispute, it would be barred by the doctrine of *res judicata.* The 1974 award does not, however, bar appellant from seeking arbitration of grievances stemming from petitioner's alleged violations of article 11 contractual rights. The 1974 award merely addressed the propriety of petitioner's actions in rejecting 4 of 16 summer grant applications. The aggrieved teachers in the instant dispute were not involved in either of the prior proceedings. They are, therefore, entitled to arbitration of their grievances irrespective of the fact that grievances of other teachers were sustained in 1971 and denied in 1974. Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.