■ BOARD OF EDUCATION OF THE THREE VILLAGE CENTRAL SCHOOLS OF THE TOWNS OF BROOKHAVEN AND SMITHTOWN, Respondent, v THREE VILLAGE TEACHERS' ASSOCIATION, INC., Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County, entered June 12, 1978, which granted the application. Judgment reversed, on the law, with $50 costs and disbursements, application denied, and the parties are directed to proceed to arbitration. From 1968 until June 30, 1978, the petitioner and the appellant teachers' union were parties to several collective bargaining agreements, each of which contained a provision governing sabbatical leaves (art 27). On May 25, 1977 the petitioner rejected four of six applications for sabbatical leaves which had been duly approved by the sabbatical leave committee. The petitioner contends that it denied said applications on their merits in accordance with criteria originally established by a joint district-association sabbatical leave committee. Moreover, the petitioner claims that article 27 vested no contractual rights to such leaves in the teachers and reposed complete discretion in the petitioner to approve or reject the same. The matter could not be resolved by the grievance procedures and the appellant demanded arbitration. Petitioner commenced the instant proceeding to stay arbitration on the grounds that (1) the submitted grievances were not permissible subjects for resolution by arbitration under the Taylor Law, (2) the submitted grievances were not included in the class of claims agreed to be referred to arbitration, and (3) the prior arbitration awards between the parties in 1971 and 1975 constituted *res judicata* of the issues in the present dispute. Special Term incorrectly concluded that the grievances were not permissible subjects for arbitration and that they did not fall within the scope of the collective bargaining agreement's arbitration clause. (Special Term did not pass on the claim of *res judicata.)* For the following reasons, we disagree with the determination of Special Term. We recognize that school districts and boards of education retain the absolute discretion to grant or deny applications for leave. The power in fact is expressly granted by statute (Education Law, § 1709, subd 16). However, the school authorities may surrender the power, or part of it, to arbitrators in collective bargaining agreements. There is no "plain and clear" prohibition in the statute or controlling decision law, or restrictive public policy, forbidding the school authorities from agreeing to exercise their discretion in a certain fashion (see *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578; *Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268). The collective bargaining agreement between the parties contains a grievance procedure which provides for the resolution of grievances based upon an event or condition which adversely affects the welfare of a teacher allegedly caused by misinterpretation or inequitable application of the terms of the agreement. The arbitration clause provides for arbitration of questions relative to

the application or interpretation of the provisions of the agreement. The clause also provides that the arbitrator is without power or authority to make any recommendation involving board discretion or policy "except that he may decide in a particular case that board policy was disregarded or that its attempted application under any term of this agreement was so discriminatory, arbitrary, or capricious as to constitute an abuse of discretion." The grievances at bar raise the issue of whether the board's denial of the four applications was so discriminatory, arbitrary or capricious as to constitute an abuse of discretion. Arbitration of these claims, however, is not barred by the doctrine of *res judicata.* The 1971 arbitration award determined that article 27 does not vest the teachers with a contractual right to sabbatical leaves until the board approves such leaves. The 1971 award also affirmed the fact that article 27 reposes discretion in the board to approve or reject leave applications. The 1975 award merely addressed the issue of whether the board could reject otherwise meritorious applications simply because a unilaterally imposed dollar limit on leaves was surpassed. The aggrieved teachers in the instant dispute were not involved in either of the prior proceedings. They are, therefore, entitled to arbitration of their grievances irrespective of the fact that grievances of other teachers were denied in 1971 and sustained in 1975 (see *Board of Educ. v Patchogue-Medford Congress of Teachers,* 66 AD2d 872). Titone, J. P., Margett, Martuscello and Mangano, JJ., concur.