■ In the Matter of ALFRED DI GIACOMO, Appellant, v ALEX P. AMES, as Commissioner of Buildings and Grounds of the County of Suffolk, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondent Commissioner of Buildings and Grounds, County of Suffolk, to accept petitioner's withdrawal of his resignation and to vacate said resignation, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered July 14, 1978, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing and new determination in accordance herewith. Petitioner had been County Architect of Suffolk County since 1969 when he was called to the office of the respondent commissioner on September 7, 1976 and confronted with charges of alleged overruns in the construction of a new public building. Faced with threats of professional ruin and certain loss of employment should he choose to demand a hearing pursuant to section 75 of the Civil Service Law, the petitioner resigned his position under what he alleged to be a state of duress. Within 48 hours, and after consultation with his union representative and with his attorney, petitioner notified the commissioner that he wished to withdraw his resignation. Since the commissioner did not take any action with regard to this request, the petitioner commenced this CPLR article 78 proceeding to compel him to vacate the resignation. In an interim order dated February 22, 1977, Special Term concluded that the commissioner failed to exercise his discretion in a proper manner and directed that the commissioner hold a hearing at which the petitioner could present evidence on his request that the commissioner consent to the withdrawal of the resignation. A hearing was held with the commissioner presiding as hearing officer. Counsel for petitioner strenuously objected to this and requested that a different hearing officer be named. His application was denied. Following the hearing, the commissioner issued his determination in a letter rejecting the petitioner's request to withdraw the resignation. Petitioner then renewed his application at Special Term to vacate the resignation, but Special Term refused to annul the commissioner's decision and dismissed the petition. It was error at the outset for Special Term to direct that the evidentiary hearing on the question of duress be held before the administrative tribunal. This was not a discipli-

nary hearing within section 75 of the Civil Service Law where charges of incompetency are preferred against an employee. As was stated in *Matter of Kinney v Miller* (37 AD2d 684, 685), "the issue of a threat and duress in obtaining petitioner's resignation has no relationship to any charge of incompetency contemplated by section 75 of the Civil Service Law. The issue found to exist in this case should be tried forthwith in the Supreme Court (CPLR 7804, subd. [h])." Assuming, *arguendo,* however, that the agency hearing was sufficient to determine the issues of threat and duress, the hearing held in this case was plainly in violation of the petitioner's rights to due process. It was clearly error for the respondent commissioner to preside over a hearing where he was so intimately involved in the facts which necessitated the hearing. Ofttimes, of course, it is possible to have a perfectly valid hearing presided over by an officer of the agency preferring the charges to be aired. However, fair play and substantial justice require that an accused be permitted to offer his evidence and present his case to an impartial tribunal. *(Matter of Waters v McGinnis,* 29 AD2d 969). Petitioner is entitled to a hearing before Special Term on the question of duress. Gulotta, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.