■ In the Matter of EDWARD J. COLLIGAN, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered September 28, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Teachers' Retirement System denying petitioner's request that his retirement date be changed and that he be paid pension benefits from July 1, 1980. Petitioner, a teacher in the Central Islip School District since November, 1955, decided to retire as of June 30, 1980. At that time, he was entitled to $25,472.15 for 140 unused days of sick leave. In accordance with the terms of the collective bargaining agreement between petitioner's union and the school district, petitioner received his unused sick pay as monthly salary payments during a terminal leave of absence from July 1, 1980 to April 27, 1981, and his retirement began on April 28, 1981 at the end of this leave. Petitioner started receiving Social Security benefits in July, 1980. They were discontinued some time thereafter on the basis that he was still receiving salary payments. In August, 1981, however, the Social Security Administration determined that for its purposes his unused sick pay would not be considered salary and reinstated his Social Security payments retroactive to June, 1980. Petitioner then requested respondent to backdate his retirement from April 28, 1981 to July 1, 1980 so that he could also receive pension benefits from that date. By letter dated September 9, 1981, respondent declined petitioner's request on the ground that such action was barred by section 510 of the Education Law, which requires that retirement applications be filed between 30 and 90 days prior to the requested retirement date. On January 7, 1982, petitioner commenced this article 78 proceeding to change his date of retirement from April 28, 1981 to July 1, 1980. Special Term dismissed the petition as being time barred by the four-month Statute of Limitations of CPLR 217, and petitioner has appealed. The instant proceeding to review respondent's determination as to petitioner's retirement date is in the nature of mandamus to review. Therefore, the four-month limitations period runs from the date that petitioner's retirement became final and binding (CPLR 217; *Matter of De Milio v Borghard,* 55 NY2d 216, 219-220; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 217:1, pp 507-508). Since a retirement application under section 510 of the Education Law is self-executing as of the date the member specifies in his retirement application, the period of limitations herein began on April 28, 1981, the effective date of petitioner's retirement application (see *Hunn v New York State Teachers' Retirement System,* 264 App Div 188, 190, revd on other grounds 289 NY 171; *Matter of Fitzpatrick v New York State Teachers' Retirement Bd.,* 212 App Div 760, affd 241 NY 515). Therefore, the present article 78 proceeding, commenced over eight months later, is untimely. Petitioner cannot rely upon respondent's letter of September 9, 1981, refusing to backdate his retirement, as the commencement of the period of limitatior That would convert the instant proceeding from a mandamus to review to mandamus to compel the performance of a duty specifically required by law,

which only applies to acts ministerial in nature and not involving the exercise of judgment or discretion (*Matter of De Milio v Borghard*, 55 NY2d 216, 220, *supra;* Siegel, NY Prac, § 558, p 776). Backdating petitioner's retirement surely is not a mere ministerial act. Nor was it required by law. If anything, it was prohibited by the statutory pre-filing time requirements for retirement applications (Education Law, § 510, subd 1, par a). Nor is petitioner's position aided by section 525 of the Education Law, which authorizes the correction of errors in records resulting in a retiree's receiving more or less retirement benefits than he would have been entitled to if the records were correct. The only alleged "error" is an asserted conflict with respondent's regulations which provide that termination pay includes payment for·accrued sick leave (21 NYCRR 5001.1 [d]). However, petitioner elected to stay on the State payroll from July 1, 1980 to April 27, 1981 and to have that period treated as a paid terminal leave of absence for which he received service credit toward his retirement. This was provided for under the collective bargaining agreement covering his employment and was also authorized by statute and regulation (Education Law, § 501, subd 19; 21 NYCRR 5001.3). Respondent's regulations should not be construed to mandate that petitioner simultaneously receive both the benefits of being retired and service credit for continued employment for the same period of time. We have examined petitioner's remaining arguments and find them equally unpersuasive. Accordingly, the judgment should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.