■ In the Matter of MARILYN DAUL, Appellant, v BOARD OF EDUCATION OF THE MAHOPAC CENTRAL SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Board of Education of the Mahopac Central School District to restore petitioner to the second position on the preferred eligible list for appointment to teaching vacancies (see Education Law, § 2510, subd 3), the appeal is from a judgment of the Supreme Court, Putnam County (Braatz, J.), dated May 6, 1982, which dismissed the proceeding. Judgment modified, on the law, by granting the petition only to the extent of directing the Board of Education of the Mahopac Central School District to deny seniority credit to respondent De Francesco for the regular substitute position he improperly held during the 1981-1982 school year. As so modified, judgment affirmed, with costs to appellant. In *Matter of Dionisio v Board of Educ.* (96 AD2d 1041), we held that the regular substitute position in the elementary tenure area for the 1981-1982 school year should have been awarded to Beatrice Dionisio, rather than respondent De Francesco. The improper appointment of De Francesco had a negative impact on the seniority rights of appellant, as the additional seniority credit for this one year of substitute service would allow De Francesco to surpass her in seniority for the purposes of appointment to vacancies pursuant to subdivision 3 of section 2510 of the Education Law. Therefore, in accordance with *Matter of Dionisio v Board of Educ. (supra),* the board is prohibited from awarding respondent De Francesco any seniority credit for his services as a regular substitute teacher during the 1981-1982 school year. We have considered the other contentions raised by appellant and have found them to be without merit. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.