█ In the Matter of JONATHAN ROMAN, Appellant, v TOMPKINS-SENECA-TIOGA BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Tait, Jr., J.), entered October 12, 1982 in Tioga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul petitioner's resignation. Effective January 3, 1979, petitioner was appointed by respondent Board of Cooperative Educational Services (board) to a three-year probationary period to the position of placement/follow-up co-ordinator. In May of 1981, he was notified by letter that because of decreasing Federal funds, his position might not continue past June 30, 1982 and that there was no comparable position. The notice also stated that it was not meant to be an indictment of petitioner's performance. Thereafter, it was recommended that petitioner not be granted tenure and, on October 8, 1981, he was notified by letter that he would not be so recommended and that termination would be on January 2, 1982. The letter also advised petitioner of his rights pursuant to section 3031 of the Education Law and of various alternatives to petitioner's being denied tenure. After a period of negotiation and correspondence, petitioner agreed to sign a "Reliance Agreement" documenting his agreement to resign and that the board would then allow a tenure appointment to occur. Thereafter, petitioner signed the agreement and the board accepted his resignation effective June, 1982. Subsequently, petitioner requested the board to rescind his resignation. This was denied and the instant CPLR article 78 proceeding was commenced seeking to annul petitioner's resignation and the board's acceptance and for certain other relief. Special Term granted the board's motion to dismiss and denied petitioner's claim for relief. This appeal ensued. Petitioner urges reversal based primarily on the propriety of the "Reliance Agreement" which he contends was in violation of public policy and not knowingly and voluntarily executed. As to the first prong of petitioner's contention, he had advance notice that he was not going to be recommended for tenure and of his rights under the Education Law to request the reasons for

denial. He made no such request. Thereafter, he elected to accept one of the alternative propositions and no recommendation was made, resulting in tenure at the end of the probationary period. The board had the authority to deny petitioner tenure in the instant case provided any requested reasons given therefor were valid. On this record, it is clear that by signing the "Reliance Agreement", petitioner waived certain rights and resigned in exchange for the withdrawal of a denial of tenure and the acquisition of tenure by acquiescence. Contrary to petitioner's contention, the execution of a waiver by a teacher is not per se a violation of public policy (*Matter of Abramovich v Board of Educ.,* 46 NY2d 450, cert den 444 US 845). We now pass to the second prong of petitioner's contention, i.e., whether the agreement was knowingly and voluntarily executed. On this record, we are of the opinion that both elements are present and under such circumstances a waiver may properly be executed (*Matter of Feinerman v Board of Coop. Educational Servs.,* 48 NY2d 491; *Matter of Kelland v Commissioner of Educ.,* 96 AD2d 979). Initially, we note that a board of education may, acting in good faith, abolish a teaching position (*Matter of Lezette v Board of Educ.,* 35 NY2d 272, 278). The instant position was abolished for economic reasons and for lack of interest in the program, which are valid reasons (see, e.g., *Matter of Young v Board of Educ.,* 35 NY2d 31). Consequently, the board could properly advise petitioner that his position would be abolished and that he would not be recommended for tenure. Such did not constitute duress since the board was merely informing petitioner of what they had a legal right to do (*Grubel v Union Mut. Life Ins. Co.,* 54 AD2d 686, mot for lv to app den 41 NY2d 807). Furthermore, the record demonstrates that petitioner signed the "Reliance Agreement" only after much negotiation and exchange of a series of letters wherein petitioner's rights were explained to him and he was offered certain alternatives, one of which he accepted after requesting and making two modifications to the agreement. The agreement and resignation, therefore, were voluntarily and knowingly made. The authorities relied upon by petitioner are clearly distinguishable. We also reject petitioner's contention that the board waived its right to make a motion to dismiss pursuant to CPLR 7804 (subd [f]). In view of our determination, it is unnecessary to pass on the issues raised by the board as to the Statute of Limitations and timely filing. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.