In the Matter of the Estate of Rudolph V. Gallo, Deceased, et al., Appellants, v New York State Teachers' Retirement System, Respondent.

Third Department, December 4, 1986

## APPEARANCES OF COUNSEL

*J. A. Keeffe, P. C.,* for appellants.

*Robert Abrams, Attorney-General (William J. Kogan* and *Peter H. Schiff,* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

Rudolph V. Gallo was a member of respondent, the New York State Teachers' Retirement System, commencing on September 1, 1951. On May 31, 1984, he filed an application with respondent for retirement effective July 1, 1984 opting for retirement under "Option 1". This was acknowledged by respondent by letter dated June 6, 1984 which also advised Gallo that any changes in benefits elected must be made before the last day of the month in which his retirement was to take effect. On July 26, 1984, Gallo presented to respondent an election to retire under "Option 4 Special". On October 25, 1984, the New York State Teachers' Retirement Board (hereinafter the Board) approved Gallo's election for Option 4 Special benefits in reliance upon a certification of respondent's actuary that such election would amount to an actuarial equivalent of Gallo's maximum retirement allowance. Gallo received a monthly payment of $2,885.61 until the date of his death, February 19, 1985. It is undisputed that this was an equivalent payment to benefits under Option 1. Before his retirement, Gallo borrowed $12,000, the limit permitted, from respondent, to be repaid within five years. The loan became immediately due on default or on retirement. The loan was secured with life insurance coverage, pursuant to Education Law § 512-b (5), which ceased when Gallo retired.

On May 24, 1985, Gallo's widow, petitioner Elizabeth Gallo, made a demand upon respondent for payment of survivor's benefits pursuant to Option 1. This was denied on June 3, 1985 and Mrs. Gallo continues to receive an annual survivor's benefit of $6,400 under Option 4 Special. This sum represents a reduced amount from $8,610 because of the outstanding loan unpaid by Gallo. On October 2, 1985, petitioners, Gallo's estate and Mrs. Gallo, served an order to show cause and petition upon respondent seeking an order pursuant to CPLR article 78 annulling respondent's June 3, 1985 determination and directing the institution of Option 1 benefits. Special Term dismissed the petition.

Petitioners contend on this appeal that Gallo's exercise of

Option 4 Special never became effective and that his beneficiary is entitled to benefits pursuant to Option 1, that is, a lump-sum payment of $520,000. It is urged that Education Law § 513 requires the certification of benefits by the actuary and formal approval by the Board before an election under Option 4 Special becomes effective. Petitioners claim that Option 4 Special never went into legal effect because the alleged certification, submitted to the Board, was an unsigned memorandum bearing merely estimated data. Petitioners also contend that the resolution did not constitute approval of the election, but was rather an enabling resolution providing for further action. Accordingly, it is urged that no valid Option 4 Special election was ever made and that Option 1 remains in effect.

It is well settled that the interpretation of a statute by the agency charged with its enforcement will be upheld if not irrational or unreasonable (see, *Matter of Fineway Supermarkets v State Liq. Auth.*, 48 NY2d 464). This same standard has been applied to administrative determinations concerning entitlement to retirement benefits (see, *Matter of Tomasino v New York State Employees' Retirement Sys.*, 87 AD2d 675, *affd* 57 NY2d 753). This court recently addressed itself to this issue in *Matter of Elliott v City of Binghamton* (94 AD2d 887, *affd* 61 NY2d 920), wherein it was stated: "Whether a statute or regulation is framed in mandatory language is not necessarily of paramount importance in determining whether the provision in question is in fact mandatory or permissive. Rather, the considerations which control are the intent of the provision, gleaned from the entire regulation and the surrounding circumstances, the purpose of the provision, the policy to be promoted, and the results which would obtain if one conclusion were followed to the exclusion of another" *(supra,* at p 889).

We hold that respondent's failure to follow a formalized procedure using final figures in determining actuarial equivalence did not destroy the effectiveness of Gallo's Option 4 Special selection. The statute does not specify the form or manner of actuarial certification or the type of resolution deemed to constitute Board approval. It is impractical to require mathematically certain actuarial certification as a condition precedent to the effectiveness of a retirement option selection. Information as to a retiree requires substantiation which takes considerable time. The purpose of Education Law § 513 (1) is served by the estimation of actuarial equivalence

of optional benefits with the total retirement allowance, subject to future adjustment.

Petitioners' attack on the validity of the Board's October 25, 1984 resolution is without merit. Petitioners' reliance on cases involving disability retirement are not analogous to the instant case. The purpose of the requirements underlying disability retirement is to determine eligibility. It follows then that approval of the Board in such instances is a precondition to eligibility and is unlike the scheme involved in ordinary retirement. The requirements of Education Law § 513 (1) do not refer to eligibility but relate to effecting a change in retirement options. An ordinary retirement application is deemed self-executing as of the date the member specifies in his retirement application *(Matter of Colligan v New York State Teachers' Retirement Sys.,* 95 AD2d 895; *Matter of Zucker v New York City Employees' Retirement Sys.,* 27 AD2d 207, *affd* 21 NY2d 904). We hold then that respondent complied with Education Law § 513 (1) and that a valid change of options from Option 1 to Option 4 Special was effected.

Petitioners contend that respondent provided misinformation to Gallo as to his retirement options and the effect of the default on his loan on his wife's payments under Option 1. Also, it is urged that respondent's payments of sums to Gallo under Option 1 up to the time of his death estop it from denying payment of Option 1 survivor's benefits. To the extent that petitioners' challenge is based on alleged misinformation, this has been held not to be sufficient to invoke the doctrine of estoppel *(see, Matter of Burns v Regan,* 87 AD2d 944, *appeals dismissed* 57 NY2d 954; *Matter of Gombar v New York State Employees' Retirement Sys.,* 63 Misc 2d 527, *affd* 34 AD2d 1083). The payment of Option 1 benefits up to the time of Gallo's death is likewise not sufficient to estop the agency from correcting the error *(see, Matter of Newcomb v New York State Teachers' Retirement Sys.,* 43 AD2d 353, *affd* 36 NY2d 953). Respondent is mandated by statute to correct errors made by its employees in computing retirement benefits. We thus find that Special Term properly dismissed the petition upon finding the doctrine of estoppel inapplicable under both contentions. We further hold that no hearing was required on disputed facts because such a hearing was not necessary to resolve the issues raised herein.

KANE, J. P., MAIN, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.