■ In the Matter of GEORGE GIORDANO, Appellant, v GOR-DON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered October 1, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education refusing to reinstate petitioner with back pay to his teaching position.

Respondent Martin Nemeroff had been a tenured physical education teacher for over 20 years when, effective July 7, 1980, the Greece Central School District's Board of Education gave him a three-year probationary appointment as building athletic director. On June 24, 1981, the Board gave Nemeroff a one-year leave of absence from his former teaching position (retroactive correction), effective July 7, 1980, and also extended that leave through June 30, 1982. Both leaves were given for "personal professional growth". On July 7, 1983, the leave having again been extended, he was granted tenure in the building athletic director position. On September 4, 1984, Nemeroff terminated his leave and returned to his physical education teaching position. During this period, petitioner (and two others) had first been given probationary appointments and, subsequently, tenure in the physical education teaching area. At the conclusion of the 1983-1984 school year, the Board eliminated three full-time and one part-time physical education teachers in a staff reduction, as the result of which petitioner lost his teaching position. Petitioner's appeal to respondent Commissioner of Education, alleging that the Board improperly discontinued his employment instead of Nemeroff's, was dismissed *(Matter of Giordano,* 24 Ed Dept Rep 445). Special Term dismissed petitioner's CPLR article 78

proceeding seeking annulment of the Commissioner's determination, giving rise to this appeal.

School districts and boards of education retain the absolute discretion to grant or deny applications for leaves of absence *(Board of Educ. v Three Vil. Teachers' Assn.,* 71 AD2d 870). This power is expressly granted by statute (Education Law § 1709 [16]), which does not limit either the duration or frequency of a leave of absence that a teacher may properly be allowed. The burden was upon petitioner to prove by clear and convincing evidence that Nemeroff, by a voluntary and deliberate act, intended to relinquish his position as a physical education teacher and forfeit his tenure rights *(see, Ciccarelli v Board of Educ.,* 107 AD2d 1050). Here, the continuation of leaves of absence clearly evidenced Nemeroff's intent not to abandon his teaching position, nor create a vacancy therein *(see, Matter of Brewer v Board of Educ.,* 51 NY2d 855, 858; *cf. Matter of Dionisio v Board of Educ.,* 96 AD2d 1041, *appeal dismissed* 61 NY2d 670). Since Nemeroff had neither abandoned nor relinquished the right to his tenured position and since he had greater seniority than petitioner, the Commissioner correctly upheld the position of the Board in laying petitioner off.

Upon this record, we find that the determination by the Commissioner did not violate lawful procedure, was not affected by error of law and was neither arbitrary, capricious nor an abuse of discretion *(see,* CPLR 7803 [3]). Further, it was not irrational or unreasonable under Education Law § 1709 (16), and Special Term correctly dismissed the challenge *(see, Matter of Robins v Blaney,* 59 NY2d 393, 399).

Judgment affirmed, with costs. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.