■ In the Matter of ALFRED W. CANNON, Appellant, v ULSTER COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 23, 1988 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to reinstate petitioner to his position with respondent Ulster County Board of Cooperative Educational Services.

Petitioner is a certified teacher who was employed by respondent Ulster County Board of Cooperative Educational Services (hereinafter the Board) in September 1982 as an occupational guidance counselor. He was granted tenure rights by the Board effective September 1, 1984. By application dated June 15, 1987, petitioner filed for retirement with the New York State Teachers' Retirement System. Petitioner took no steps to withdraw his application within 30 days after its filing and, accordingly, petitioner's retirement application became effective by operation of law on July 17, 1987. Upon receiving his first retirement check in August 1987, petitioner contacted the Retirement System and indicated that he had

not actually intended to retire but only wished to have his application on file until he notified the Retirement System at a future date to activate his application. Petitioner admits, however, that he sent no cover letter to that effect with the application and he did realize that the application would become effective 30 days after its filing. No action was taken by the Retirement System to suspend operation of petitioner's application.

Thereafter, petitioner met with respondent Laura R. Fliegner, the Board's executive officer, on September 4, 1987, allegedly to discuss the matter. The parties dispute whether petitioner was told on that day that his employment was terminated. On September 8, 1987, petitioner reported to school for the first day of the session and was informed both orally and in writing that he was no longer an employee of the Board because of his voluntary retirement. Petitioner subsequently filed a notice of claim against respondents in December 1987 and commenced this CPLR article 78 proceeding a month later. Supreme Court dismissed the petition and this appeal followed.

We affirm. Petitioner contends that he should be reinstated because his retirement could not constitute a separation from his employment until the Board affirmatively took official action on his retirement under Education Law § 3020-a. However, that statute and the case law petitioner cites in support of his arguments merely outline the procedure a Board must follow when terminating a tenured teacher involuntarily. Here, petitioner voluntarily retired from his position.

It is well settled that once an application for service retirement is filed with the Retirement System and not withdrawn within 30 days of such filing it is self-executing (see, e.g., Matter of Gallo v New York State Teachers' Retirement Sys., 121 AD2d 24, lv denied 69 NY2d 610; Matter of Colligan v New York State Teachers' Retirement Sys., 95 AD2d 895; Greene v Teachers' Retirement Sys., 107 Misc 2d 508). Petitioner's voluntary and deliberate act in allowing his retirement application to become effective constitutes clear and convincing evidence that he intended to relinquish his position and forfeit his tenure rights (see, Matter of Giordano v Ambach, 125 AD2d 779).

Finally, we note that Supreme Court alternatively dismissed the petition on timeliness grounds without discussion of that issue. Our review of the question indicates, however, that no resolution of the issue can be made unless the matter was remitted to Supreme Court for a hearing to resolve certain

disputed facts. Since we agree with Supreme Court as to the merits of the case, remittal would be a needless waste of judicial resources. Accordingly, the merits of the timeliness issue will not be addressed.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.