In the Matter of COLETTA GIRARD, Appellant, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF BUFFALO, Respondent.

Fourth Department, June 7, 1991

184

APPEARANCES OF COUNSEL

*Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria (John Collins* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear (Randy Fahs, Karl W. Kristoff* and *Norman H. Gross* of counsel), for respondent.

## OPINION OF THE COURT

LAWTON, J.

In this CPLR article 78 proceeding, petitioner seeks to annul the action taken by respondent which abolished her former position as Assistant Superintendent. Supreme Court properly dismissed the proceeding as moot by reason of petitioner's resignation and retirement. When petitioner's resignation was accepted by respondent, the employment relationship that existed between petitioner and respondent terminated *(see, Matter of Cedar v Commissioner of Educ. of State of N. Y.,* 53 Misc 2d 702, *affd* 30 AD2d 882, *lv denied* 22 NY2d 646; *Matter of Doering v Hinrichs,* 177 Misc 42, *revd* 263 App Div 959, *revd* 289 NY 29; *Matter of Herbert,* 15 Ed Dept Rep 60, *petition to set aside dismissed sub nom. Matter of Herbert v Nyquist,* Sup Ct, Albany County, Dec. 30, 1975, *affd* 53 AD2d 785, *lv denied* 40 NY2d 807; *Matter of Zarada v Board of Educ.,* 42 Misc 2d 509; *Matter of Saken,* 8 Ed Dept Rep 88). Following respondent's acceptance of petitioner's resignation, petitioner no longer possessed any reemployment rights against respondent *(see, Matter of Sherman v Board of Educ.,*

88 Misc 2d 661; *Matter of Cedar v Commissioner of Educ. of State of N. Y., supra; Appeal of Pilato,* 26 Ed Dept Rep 376; *Matter of Archer,* 21 Ed Dept Rep 175). Likewise, after the expiration of the 30-day withdrawal period following the filing of her retirement application, petitioner's employment relationship with respondent ceased. In *Matter of Cannon v Ulster County Bd. of Coop. Educ. Servs.* (155 AD2d 846, 847) the Third Department determined that, by allowing an application for retirement benefits to become effective, an individual waived any right to future employment, stating: "Petitioner's voluntary and deliberate act in allowing his retirement application to become effective constitutes clear and convincing evidence that he intended to relinquish his position and forfeit his tenure rights" *(see also, Matter of Estate of Gallo v New York State Teachers' Retirement Sys.,* 121 AD2d 24, *lv denied* 69 NY2d 610; *Matter of Colligan v New York State Teachers' Retirement Sys.,* 95 AD2d 895).

Absent compelling circumstances, finality must be given to resignations and retirements from service. No such compelling circumstances exist in this case. Petitioner's proof failed to establish that her resignation and retirement were involuntary. Respondent had a right to abolish petitioner's position for economic reasons *(see, Matter of Young v Board of Educ.,* 35 NY2d 31; *Matter of Roman v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.,* 98 AD2d 835, *lv denied* 61 NY2d 608; *Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.,* 80 AD2d 979). Further, respondent's advising petitioner that her position had been abolished did not constitute duress or coercion because it merely informed petitioner of its authorized actions *(see, Matter of Roman v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs., supra; see also, Matter of Cedar v Commissioner of Educ. of State of N. Y., supra).* Absent other proof of duress or coercion, the courts have recognized that a resignation submitted in response to being informed of dismissal is voluntary *(see, e.g., Levitz v Robbins Music Corp.,* 6 AD2d 1027; *see also, Matter of Roman v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs., supra; Matter of Herbert, supra).* Here, the record is devoid of any evidence of duress or coercion that caused petitioner to resign and retire. No district employee or official confronted petitioner or participated in the preparation of her letter of resignation or application for retirement. Petitioner freely chose to resign for economic reasons. By resigning, petitioner was allowed entitlement under the existing Early Retirement Incentive Program, as

well as receiving $42,146.56 for unused sick and vacation days. Petitioner freely elected to accept those benefits and retire.

Petitioner was not forced into a choice between resignation and termination of her employment. Although petitioner's position was abolished, her employment rights were not extinguished prior to her resignation and retirement. Had petitioner desired to remain an employee of the district, she could have exercised her seniority rights under the collective bargaining agreement to be assigned to a position in Guidance Counseling Services. In addition, pursuant to Education Law § 2585, petitioner had the right to have her name placed on a preferred eligibility list to be appointed to any vacancy arising in a position similar to that which she formerly occupied.

In short, when notified of the respondent's action abolishing her position, petitioner's rights were limited to those given to her under Education Law § 2585 and the provisions of respondent's negotiated labor contract. Petitioner was free to pursue her legal remedies in those regards, if she so chose. Petitioner chose not to and instead elected to receive the benefits extended to her by early retirement. Having so elected, she should not now be permitted to seek the protection of her previous rights as an employee. Petitioner's attempt to keep one foot in employment and one foot in retirement should not be countenanced. Petitioner is entitled either to the benefits afforded to her as an employee or those afforded to her on retirement, but not both. To permit "conditional" resignations or "conditional" retirements would place an unacceptable burden upon school districts by requiring them, when making personnel determinations, to consider the rights of persons no longer covered by the collective bargaining agreement.

Petitioner's reliance on the provisions of Education Law § 503 (5) is misplaced. Under that statute petitioner has the right to suspend her retirement and return to active service but, to do so, she must return as a new hire (see, Matter of Doering v Hinrichs, 289 NY 29, supra). That statute does not give petitioner any legal rights to reemployment. Further, the case of Matter of Marland v Ambach (79 AD2d 48, affd 59 NY2d 711), decided 3 to 2 by the Third Department, relied upon by petitioner, should be limited to its facts. Matter of Lewis v Cleveland Hill Union Free School Dist. (119 AD2d

263), also cited by petitioner, is not applicable in that the petitioner in that case neither resigned nor retired. Accordingly, the judgment should be affirmed.

DILLON, P. J., DOERR, BALIO and DAVIS, JJ., concur.

Judgment unanimously affirmed, without costs.