■ In the Matter of SUSAN GOULD, Respondent, v BOARD OF EDUCATION OF THE SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the appellant Board of Education of the Sewanhaka Central High School District, dated April 25, 1989, accepting the petitioner's resignation from the position of Special Education teacher, and to reinstate her to that position with back pay, the appeal is from a judgment of the Supreme Court, Nassau County (Collins, J.), entered May 9, 1990, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed on the merits.

The petitioner, a teacher who previously had acquired tenure in a New York City elementary school, sought and obtained a probationary appointment to the position of Special Education teacher in the Sewanhaka Central High School District. The term of her probationary appointment was to run from September 1, 1986, to August 31, 1989. On or about February 24, 1989, the petitioner was notified that the appellant Superintendent of Schools (hereinafter the superintendent) would recommend to the appellant Board of Education

of the Sewanhaka Central High School District (hereinafter the board) that the petitioner's probationary appointment be terminated. The petitioner subsequently met with the superintendent and inquired whether the recommendation to terminate her employment would be maintained in her file if she resigned. She was advised that, in the event of her resignation, the adverse recommendation would not appear in her file. Accordingly, by letter dated April 13, 1989, the petitioner resigned her position, effective June 30, 1989, "[d]ue to personal reasons". On April 25, 1989, the board accepted her resignation.

Thereafter, in a letter dated May 17, 1989, the petitioner's counsel demanded that the petitioner be permitted to withdraw her resignation because she already had acquired tenure by estoppel pursuant to Education Law § 3012. When the board refused to honor this demand, the petitioner commenced this proceeding pursuant to CPLR article 78. The Supreme Court found that the petitioner had acquired tenure by estoppel, that she tendered her resignation under the mistaken belief that she was still a probationary employee, and that the resignation should be deemed a nullity because the board was or should have been aware of her tenure status at the time it accepted her resignation. Accordingly, the petition was granted. We reverse.

It is well settled that absent a showing of fraud, duress, coercion, or other affirmative misconduct on the part of school officials which renders a resignation involuntary, a resignation cannot be withdrawn once it has been accepted by school authorities (see, Matter of Girard v Board of Educ., 168 AD2d 183; Matter of Cannon v Ulster County Bd. of Coop. Educ. Servs., 155 AD2d 846; Matter of Sherman v Board of Educ., 88 Misc 2d 661). Assuming, arguendo, that the petitioner is correct in contending that she had acquired tenure by estoppel prior to submitting her resignation, there is no evidence in this record of any wrongdoing on the part of the superintendent or the board which would render the resignation involuntary (cf., Matter of Marland v Ambach, 79 AD2d 48, affd 59 NY2d 711; Matter of Di Giacomo v Ames, 72 AD2d 562). While the petitioner alleges that the superintendent was mistaken as to her tenure status in notifying her that her employment would be terminated, such a mistake does not rise to the level of fraud or coercion so as to invalidate her resignation. Inasmuch as "the courts have recognized that a resignation submitted in response to being informed of dismissal is voluntary" (Matter of Girard v Board of Educ., 168

AD2d 183, 185, *supra),* we discern no basis for disturbing the voluntary resignation in this case *(see, Matter of Roman v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.,* 98 AD2d 835; *Matter of Herbert v Nyquist,* 53 AD2d 785). Moreover, unlike the situation presented in *Matter of Marland v Ambach (supra),* the petitioner at no time indicated that she was resigning under duress, nor is there any other evidence that her resignation was tendered involuntarily. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.