■ In the Matter of LAURA BUBEL, Respondent, v BOARD OF EDUCATION OF THE SAUGERTIES CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondent. [60 NYS3d 511]—

Devine, J. Appeal from a judgment of the Supreme Court (Work, J.), entered February 22, 2016 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education of the Saugerties Central School District denying petitioner's request for certain seniority rights.

Petitioner became an elementary teacher with the Saugerties Central School District in 1998 and obtained tenure in 2001. She served in that capacity until January 2004 when she went on an unpaid leave of absence. In December 2005, petitioner resigned. Petitioner was rehired as an elementary teacher in 2007 and, in June 2009, was granted tenure for a second time. One year later, the District eliminated positions in the elementary tenure area and petitioner was terminated under Education Law § 2510 due to her relative lack of seniority. She subsequently served in a leave replacement position and as a substitute teacher in the District.

A temporary kindergarten teaching position then became available for the 2011-2012 school year and another former teacher was recalled to fill it based on her seniority. Petitioner thereafter commenced this CPLR article 78 proceeding arguing that respondent Board of Education of the Saugerties Central School District had improperly calculated her seniority and should have recalled her to the position. Supreme Court initially determined that the proceeding was barred by collateral estoppel, but, upon appeal, we disagreed (117 AD3d 1157, 1158 [2014]). On remittal, the Board served an answer and moved for summary judgment dismissing the petition. Supreme Court granted the petition, annulled the Board's determination and directed the Board to recalculate petitioner's "seniority rights and all salary due to her." The Board now appeals.

The Board maintains that petitioner's 2005 resignation evinced her intent to sever ties with the District and constituted a waiver of her seniority rights. "Although an employee may waive his or her seniority rights by resigning or retiring, such a relinquishment must be knowing and voluntary" (*Matter of Kwasnik v King*, 123 AD3d 1264, 1265 [2014] [internal

quotation marks and citation omitted], *lv dismissed* 25 NY3d 981 [2015]) and "[a]n effective waiver of such rights must be free from any indicia of duress or coercion" (*id.* at 1265-1266; *see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 452 [1993]). In this case, petitioner did not intend to resign from her position in 2005 and instead sought to extend her unpaid leave of absence. She was informed that such extension was not possible given that she had exhausted her unpaid leave time, however, and she elected to resign rather than return to work. There is nothing in the record that may be construed as duress or coercion on the part of the District; rather, it appears that petitioner voluntarily resigned in response to being accurately informed that she had exhausted her leave (*see Matter of Girard v Board of Educ. of City School Dist. of City of Buffalo*, 168 AD2d 183, 185 [1991]; *Matter of Roman v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.*, 98 AD2d 835, 836 [1983], *lv denied* 61 NY2d 608 [1984]). Further, petitioner was rehired by the District as a probationary employee after a year and a half break in service, belying any claim that she maintained a continuing employment relationship with it (*see* Education Law § 3012 [1] [a] [i]). Thus, the Board properly determined that petitioner was not entitled to count the period of time prior to her 2005 resignation for the purpose of seniority and Supreme Court's judgment annulling said determination must be reversed (*see Matter of Gerson v Board of Educ. of Comsewogue Union Free School Dist.*, 214 AD2d 732, 732-733 [1995]; *Matter of Girard v Board of Educ. of City School Dist. of City of Buffalo*, 168 AD2d at 186; *compare Matter of Kwasnik v King*, 123 AD3d at 1266; *Matter of Alessi v Board of Educ., Wilson Cent. Sch. Dist.*, 105 AD3d 54, 59-60 [2013]).

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.